## SCHENLEY DISTILLERS CORP. ET AL. v. UNITED STATES ET AL.

No. 560.   Decided January 2, 1946.

*Mr. Charles E. Cotterill* for appellants.

*Solicitor General McGrath* and *Mr. J. Stanley Payne* for the United States and the Interstate Commerce Commission, appellees.

PER CURIAM.

This is an appeal from a judgment of a district court, three judges sitting, constituted under the Urgent Deficiencies Act, 38 Stat. 220, 28 U. S. C. § 47, dismissing appellants' petition to set aside an order of the Interstate Commerce Commission. Appellant Schenley Distilleries Motor Division, Inc., applied to the commission for a permit, under § 209 (b) of Part II of the Interstate Commerce Act, 49 U. S. C. § 309 (b), authorizing operation as a "contract carrier by motor vehicle" of specified commodities in interstate commerce between specified points. At the outset of the proceedings before the commission, the appellant moved for dismissal of the application on the ground that the proposed operations were not such as to constitute applicant a "contract carrier by motor vehicle," defined by § 203 (a) (15) of the Act, 49 U. S. C.

§ 303 (a) (15), as "any person which, under individual contracts or agreements, engages in the transportation (other than transportation referred to in paragraph (14) and the exception therein) by motor vehicle of passengers or property in interstate or foreign commerce for compensation."

Applicant contended at the hearing that it was a "private carrier of property by motor vehicle," which is defined by § 203 (a) (17) as "any person not included in the terms 'common carrier by motor vehicle' or 'contract carrier by motor vehicle', who or which transports in interstate or foreign commerce by motor vehicle property of which such person is the owner, lessee, or bailee, when such transportation is for the purpose of sale, lease, rent, or bailment, or in furtherance of any commercial enterprise."

Applicant introduced no evidence to prove compliance with the requirements set forth by § 209 (b) for granting a permit as a "contract carrier" but sought a ruling by the commission that it could carry on its operations as a "private carrier" without obtaining a permit. Stating that "the primary reason for filing this application was to secure a determination as to whether the involved operations were those of a contract carrier of property by motor vehicle or of a private carrier," Division 5 of the commission in its report ruled that the applicant was a "contract carrier" and not a "private carrier." As no evidence had been introduced to show that the proposed operations would comply with § 209 (b), Division 5 made its order denying the application, and made the report a part of the order. Reconsideration by the full commission was denied.

This suit to set aside the commission's order was brought by the applicant, Schenley Distilleries Motor Division, and by Schenley Distillers Corporation, owner of all the

stock of the former. The district court held that it had jurisdiction to review the order. It dismissed the suit as to the parent corporation on the ground that it had no legal interest sufficient to entitle it to maintain suit. The court held that the commission properly ruled that the applicant was a "contract carrier," and accordingly dismissed the complaint.

The district court rightly held that the parent corporation had no standing to sue. It did not ask that a permit be issued to it, and its sole interest in the permit sought for its co-appellant was that of a stockholder. We have held that a minority stockholder of a carrier corporation cannot bring suit to set aside a commission order against the corporation. *Pittsburgh & W. Va. R. Co.* v. *United States,* 281 U. S. 479, 486–488. A parent corporation which by its stock ownership controls its subsidiary, and which as a party litigant asserts only its stockholder's derivative rights to have its subsidiary secure the permit, cf. *American Power Co.* v. *S. E. C.,* 325 U. S. 385, 389, is even less aggrieved by the commission's order denying the permit than would be a minority stockholder. For the parent is adequately represented for purposes of suit by the subsidiary whose conduct of the litigation it controls. We conclude that the character of a stockholder's interest in this regard is not so altered by the mere facts that it owns all the stock of the corporation against which the commission's order is entered and that the parent manages and controls its subsidiary, as to give the stockholder standing to sue to set aside the commission's order.

As to appellant Schenley Distilleries Motor Division, Inc., the appellee urges that the judgment should be affirmed on the ground that the appellant made no showing sufficient to require the issuance of the permit sought by the application and that thus the commission's order rests on a controlling ground, i. e., lack of evidence. But there

remains the question whether the commission's determination that appellant will be a "contract carrier" is reviewable in the present suit. The commission made its report a part of its order, and the report denied the relief which appellant sought, namely, a determination that it was a "private carrier" entitled to carry on its operations without a permit and without subjecting itself to criminal proceedings. The commission has treated the filing of an application under § 209 (b) with a request that the application be dismissed on the ground that it is not required, as a proper method of raising the issue whether the applicant is subject to the Act. Any other construction of that section would make it necessary for a carrier to take the risk of operating illegally and incurring criminal and other penalties in order to secure a determination whether it is within the permit requirement. We have already decided that the course followed here was "appropriate," and that an order determining that the appellant is within the permit requirement is a reviewable order. *Cornell Steamboat Co.* v. *United States,* 321 U. S. 634, 635. We reaffirm that holding.

We think the district court was plainly right in upholding the commission's decision that appellant's proposed operations would constitute it a "contract" rather than a "private" carrier. Appellant's contention to the contrary is based on the fact that its operations were to be performed for its parent and for other corporations owned or controlled by the parent. Appellant says that the transportation will be in furtherance of one "commercial enterprise" within the meaning of § 203 (a) (17). But that section applies only to the extent to which § 203 (a) (15) does not, and the evidence supports the commission's finding that the transportation was to be "for compensation" from appellant's parent and the other corporations controlled by the parent. Appellant urges that we dis-

regard the separate corporate entities which are to pay compensation to appellant for the transportation and treat the corporations controlled by appellant's parent as one single commercial enterprise. While corporate entities may be disregarded where they are made the implement for avoiding a clear legislative purpose, they will not be disregarded where those in control have deliberately adopted the corporate form in order to secure its advantages and where no violence to the legislative purpose is done by treating the corporate entity as a separate legal person. One who has created a corporate arrangement, chosen as a means of carrying out his business purposes, does not have the choice of disregarding the corporate entity in order to avoid the obligations which the statute lays upon it for the protection of the public.

The fact that several corporations are used in carrying on one business does not relieve them of their several statutory obligations more than it relieves them of the taxes severally laid upon them. "If the one business could not be carried on without two corporations taking part in it, each must pay, by the plain words of the Act." *Edwards* v. *Chile Copper Co.,* 270 U. S. 452, 456. Cf. *Gray* v. *Powell,* 314 U. S. 402, 414; *Moline Properties* v. *Commissioner,* 319 U. S. 436.

*Affirmed.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.