**8**

INTERSTATE COMMERCE COMMIS-
SION, Plaintiff,

v.

SHIPPERS COOPERATIVE, INC., a cor-
poration, and Pierson-Corn, Inc., a
corporation, Defendants.

Civ. No. 809–59.

United States District Court
S. D. California,
Central Division.

July 11, 1961.

William L. Harrison, Regional Atty.,
Bureau of Inquiry and Compliance,
I.C.C., San Francisco, Cal., for plaintiff.

Herbert Cameron, Los Angeles, Cal.,
for defendant Shippers Cooperative, Inc.

Phil Jacobson, Los Angeles, Cal., for
defendant Pierson-Corn, Inc.

THURMOND CLARKE, District
Judge.

This action is brought under 49 U.S.
C.A. §§ 322(b), 42 (Interstate Commerce
Act) for injunctive relief against both
defendants for violations of 49 U.S.C.A.
§§ 303(c), 306(a) and 309(a), all of the
Interstate Commerce Act. It is alleged
that defendant Shippers Cooperative,
Inc. (hereinafter referred to as "Ship-
pers Coop"), a cooperative association
of shippers, "is engaged in the trans-
portation of property by motor vehicle,
in interstate commerce, for compensation,
over the public highways * * * and
is a motor carrier in interstate commerce,
and as such, subject to * * * the
Interstate Commerce Act" and that de-
fendant Pierson-Corn, Inc. (hereinafter
referred to as "Pierson-Corn") "is en-
gaged in the business of a traffic consult-

ing and advisory service and has entered into contracts and arrangements with [Shippers Coop] to manage, supervise and handle all matters in connection with its motor carrier activities, and * * * is arranging for and participating in [said] transportation * * *." No permit to engage in such business was obtained from the Interstate Commerce Commission.

The questions at issue are whether or not the acts performed by defendant Shippers Coop are violative of the aforementioned sections of the statute and, as a corollary, whether or not the acts performed by defendant Pierson-Corn constitute participation in any violations of the Act. The facts surrounding the shipment of goods in interstate commerce and the failure to obtain certification are uncontroverted and the dispute resolves itself into a controversy as to whether or not Shippers Coop is a "common", "contract" or "private" carrier, i. e., whether or not Shippers Coop is subject to the certification provisions of the Interstate Commerce Act.

Shippers Coop is a non-profit corporate association of individual shippers, who have banded together to ship their products collectively in order to save money on shipping costs. The shipper-members give the property to be shipped to Shippers Coop; however, title at all times remains in the individual shippers. Shippers Coop has under lease 18 full units of motor equipment which it operates under its complete control, management, expense and responsibility. Property is transported in interstate commerce between the Georgia-South Carolina-Tennessee territory and points in California. Individual shipper-members are assessed, pro rata, on a trip basis, by Shippers Coop, and each shipper contributes moneys to pay the transportation cost of his own merchandise. (The members prepay, according to a general estimate, and any necessary adjustments are made at the conclusion of each trip.)

Pierson-Corn is a corporation which, pursuant to a written contract with Shippers Coop, performs a traffic and consultation service for Shippers Coop. Pierson-Corn prepares records of the movement of members' merchandise, keeps the books and renders a bookkeeping service, maintains and does all necessary office work on behalf of Shippers Coop and its members. For these services, Pierson-Corn is paid $.30 per one hundred pounds of members' merchandise. Admittedly, Pierson-Corn derives a profit from this activity.

Shippers Coop has leased 18 full units (tractors and trailers) of motor equipment from two leasing corporations, Cummings Truck Lease, Inc. and Continental Truck Leasing, Inc. Pursuant to these leases, Shippers Coop has sole and exclusive possession of the vehicles and operates the same under its complete control, supervision, management and responsibility, exclusively for its members. Shippers Coop procures all cargo and liability insurance. All transportation service is performed pursuant to instructions from the members and all merchandise moved is the property of the members, transported for sale and distribution.

The Interstate Commerce Commission, in 1959, instituted a formal administrative investigation into the activities of Cummings Truck Lease, Inc., one of Shippers Coop's lessors. Shippers Coop was not made a party. On August 3, 1959, the investigation was dismissed. To date, the Commission has not instituted such administrative proceedings against Shippers Coop.

The statutory provisions governing the status of the defendants in this action provide in relevant part:

49 U.S.C.A. § 303(a) (14). "The term 'common carrier by motor vehicle' means any person which holds itself out to the general public to engage in the transportation by motor vehicle in interstate or foreign commerce of passengers or property or any class or classes thereof for compensation, whether over regular or irregular routes, * * *"

49 U.S.C.A. § 303(a) (15). "The term 'contract carrier by motor ve-

10

hicle' means any person which engages in transportation by motor vehicle of passengers or property in interstate or foreign commerce, for compensation (other than transportation referred to in paragraph (14) of this section and the exception therein), under continuing contracts with one person or a limited number of persons either (a) for the furnishing of transportation services through the assignment of motor vehicles for a continuing period of time to the exclusive use of each person served or (b) for the furnishing of transportation services designed to meet the distinct need of each individual customer."

49 U.S.C.A. § 303(a) (17). "The term 'private carrier of property by motor vehicle' means any person not included in the terms 'common carrier by motor vehicle' or 'contract carrier by motor vehicle', who or which transports in interstate or foreign commerce by motor vehicle property of which such person is the owner, lessee, or bailee, when such transportation is for the purpose of sale, lease, rent, or bailment, or in furtherance of any commercial enterprise."

At the outset, defendants urge that the court lacks jurisdiction to determine the issue in this case because plaintiff has failed to exhaust its administrative remedies. This argument is based on the contention that the matter involves questions of fact the determination of which requires the expertise of an administrative agency created to deal with the specialized problems raised. Defendants previously made this same argument on a motion to dismiss which was denied by the court. The court was, and still is, of the opinion that the issues raised in the case at bar are almost entirely questions of statutory interpretation. Since questions of law are involved, the so-called "primary jurisdiction doctrine" is not applicable. Civil Aeronautics Board v. Modern Air Transport, 2 Cir., 1950, 179 F.2d 622, 624 et seq.

Under the Interstate Commerce Act, "common carriers" and "contract carriers" must obtain certification from the Commission, whereas "private carriers" are free from this requirement. The statutory definitions of these terms make each category mutually exclusive. A common carrier is a person who (1) transports persons or property in interstate commerce, (2) for compensation, and (3) holds itself out to the general public as a performer of such services. A contract carrier is a person, other than a common carrier, who (1) transports persons or property in interstate commerce, (2) for compensation, (3) under continuing contracts with a limited number of persons to provide transportation services to such persons. A private carrier is a person, not a common or contract carrier, who (1) transports property in interstate commerce, (2) in furtherance of a commercial enterprise, and (3) who is the owner, lessee or bailee of the property transported.

A comparison of the requirements of common carriage with the services performed by defendants in this case compels the finding that Shippers Coop is not a common carrier within the meaning of the Interstate Commerce Act. There are no facts which would justify the inference that Shippers Coop holds itself out to the general public as an interstate shipper. Quite the reverse appears to be the case: the association performs transportation services only for that limited number of persons who are its members.

With regard to the question as to whether the services performed by Shippers Coop constitute contract carriage or private carriage, the court concludes that defendant Shippers Coop is a contract carrier. Since said defendant has not procured certification in accordance with the terms of the Interstate Commerce Act, and since defendant Pierson-Corn is participating in Shippers Coop's violations of the Act, plaintiff is entitled to an injunction against both defendants.

The court regards the case of Schenley Distillers Corporation et al. v. United States, D.C.Del.1945, 61 F.Supp. 981, affirmed 1946, 326 U.S. 432, 66 S.Ct. 247, 90 L.Ed. 181, as determinative of the principal issue in the instant case. In Schenley, Schenley Distilleries Motor Division, Inc. (referred to as "Motor Division") was a subsidiary corporation whose management and policies were controlled by Schenley Distillers Corporation. The parent corporation engaged in the manufacture, sale and distribution of alcohol and alcoholic beverages. The parent also controlled numerous subsidiary corporations engaged in operating distilleries, industrial alcohol plants and wineries and in the importation and exportation of wines and liquors. The major proportion of the transportation of raw materials, bottling supplies and alcoholic beverages, required or produced by the parent and its subsidiaries, was performed by regular rail and motor common and contract carriers. However, the parent corporation also purchased some 50 trucks, formed the Motor Division subsidiary and transferred title to these vehicles to that organization. Motor Division then began to transport some of the materials and finished products of the parent and other subsidiary corporations interstate. Operating funds were provided by the parent corporation. Motor Division transported only commodities the title to which was in the parent or one of the other subsidiary corporations. Motor Division's general manager arranged for the transportation. Control of the physical operation of the vehicles was in Motor Division. Motor Division was obliged to procure all required licenses, provide for insurance, maintain the vehicles and employ the drivers.

Motor Division contended that it was a private carrier, arguing that there was no compensation involved in its transportation services and further contending that as a completely controlled subsidiary of Schenley Distillers Corporation its operations were not carriage for compensation but merely incidental to the single commercial enterprise of the group of corporate entities comprising the Schenley liquor business. A three-judge district court held that Motor Division was a contract carrier, finding compensation in the reimbursement of Motor Division for its expenses and refusing to disregard the separate corporate entity of the subsidiary corporation. 61 F.Supp. 981.

On the issue of compensation, the District Court stated (at pages 987–988): "We do not agree that 'compensation' as used in the statutory definition, necessarily involves an element of profit. On the contrary it may under some circumstances involve merely reimbursement for expenses of operation."

The Supreme Court affirmed, *per curiam*. 326 U.S. 432, 66 S.Ct. 247. As to appellant's contention that the separate corporate entities should be disregarded and the corporations controlled by the parent treated as one commercial enterprise, the court stated (326 U.S. at page 437, 66 S.Ct. at page 249): "While corporate entities may be disregarded where they are made the implement for avoiding a clear legislative purpose, they will not be disregarded where those in control have deliberately adopted the corporate form in order to secure its advantages and where no violence to the legislative purpose is done by treating the corporate entity as a separate legal person. One who has created a corporate arrangement, chosen as a means of carrying out his business purposes, does not have the choice of disregarding the corporate entity in order to avoid the obligations which the statute lays upon it for the protection of the public."

In the case at bar, Shippers Coop is a corporation organized to fill the transportation needs of certain other business entities. These entities own the property transported by Shippers Coop. These entities reimburse Shippers Coop for the expense of transportation. In order to perform its services, Shippers Coop has long-term leases on motor vehicles. It operates these vehicles under its sole control and management and at its expense,

**12**

procuring the insurance, maintaining the vehicles and obtaining drivers. There is no material distinction between the situation here presented and that involved in the Schenley case, supra, and the conclusion that Shippers Coop is a contract carrier is therefore inescapable.

Accordingly, findings of fact, conclusions of law and judgment are ordered in favor of plaintiff and against defendants; and the same will be lodged with the Clerk by the attorney for plaintiff, pursuant to Local Rule 7, West's Ann. Code, within five days.

It is further ordered that the Clerk shall this day serve copies of this opinion and order by United States mail upon the attorneys for the parties appearing in this cause.