**PEPSICO, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 18044.**

United States Court of Appeals
Sixth Circuit.

Sept. 11, 1967.

Robert Lewis, Jackson, Lewis & Schnitzler, New York City, for petitioner.

Marcel Mallet-Prevost, Asst. General Counsel, N.L.R.B., Washington, D. C., for respondent.

Before PHILLIPS, EDWARDS and McCREE, Circuit Judges.

PHILLIPS, Circuit Judge.

On June 28, 1967, the National Labor Relations Board issued an order against Empire State Sugar Company, Inc., Auburn, New York, and "its officers, agents, successors and assigns." 166 N.L.R.B. No. 22.

Pepsico, Inc, a Delaware Corporation with its principal place of business in New York, is the parent corporation of Empire State Sugar Company, Inc. Pepsico operates wholly owned subsidiary corporations doing business within the Sixth Circuit. Pepsico has filed a petition in this Court to review the decision of the Board.

The Board has filed a motion to dismiss this petition for review on the ground that Pepsico, the parent corporation, was not a party to the proceedings before the Board and is not a "person ag-

grieved" within the meaning of Section 10(f) of the Labor Management Relations Act, 29 U.S.C. § 160(f):

> "(f) Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such a court a written petition praying that the order of the Board be modified or set aside."

In support of its motion to dismiss, the Board contends that:

(1) the Board's order was issued against Empire Sugar Co., a wholly owned subsidiary of Pepsico, incorporated in Delaware, and doing business solely in New York;

(2) the alleged unfair labor practice occurred in New York within the Second Circuit;

(3) under § 10(f), there could be no jurisdiction in the Sixth Circuit since there was no alleged unfair labor practice within this Circuit, and Empire Sugar neither resides nor transacts business within the Sixth Circuit; and

(4) there has been no showing that petitioner Pepsico is an officer, agent, successor, or assign of Empire Sugar, who would be expressly subject to the terms of the Board's order; therefore Pepsico cannot be "aggrieved" by said order.

The Board also relies upon the law of shareholder derivative suits, alleging that Pepsico is interested only as a shareholder, and must sue only in the name of the corporation involved, citing 18 C.J.S. Corporations § 559.

In reply, Pepsico maintains that proper jurisdiction exists in this Court due to the operation of its other subsidiaries within this Circuit, and alleges that there is no analogy between its petition to review and a shareholder derivative suit.

We hold that Pepsico, petitioner herein, is not a "person aggrieved" within the meaning of the above-quoted provision of the statute and that this Court does not have jurisdiction of the petition to review.

Pepsico was not a party to the proceeding before the Board. There is no showing that it is an officer, agent, successor or assign of its subsidiary, Empire State Sugar Company, so as to be "aggrieved" by the Board's order.

While we are cited to no Labor Board case deciding this precise question, a somewhat analogous case is Schenley Distillers Corp. v. United States, 61 F. Supp. 981, 986–987 (D.C.Del. 1945), aff'd, 326 U.S. 432, 66 S.Ct. 247, 90 L.Ed. 181. There a parent and the subsidiary corporation sought review of the Commission action involved. It was alleged that the parent had no legal interest sufficient to warrant any standing since: (1) the parent (as in the present case) was not a party to the proceeding before the Commission in which the subsidiary sought a carrier permit, nor an intervenor in such proceedings; and (2) the parent (apparently as in the present case) predicated its right to seek review of Commission action solely upon the ownership of all the subsidiary's capital stock, and its control and management of the subsidiary's affairs. The District Court conceded that while ground one alone might not justify holding that the parent had no standing to seek review, the case would be dismissed as to the parent on the basis of both grounds taken together. The Supreme Court affirmed, saying:

> "The district court rightly held that the parent corporation had no standing to sue. It did not ask that a permit be issued to it, and its sole interest in the permit sought for its co-appellant was that of a stockholder. * * * For the parent is adequately represented for purposes of suit by the subsidiary whose conduct of the litigation it controls. We conclude that the character

of a stockholder's interest in this regard is not so altered by the mere facts that it owns all the stock of the corporation against which the commission's order is entered and that the parent manages and controls its subsidiary, as to give the stockholder standing to sue to set aside the commission's order." 326 U.S. at 435, 66 S.Ct. at 248.

The motion of the Board is granted and the petition to review is dismissed.