BENSON ET AL. ADMRS. *v.* MARBLE.

[No. 1268A200. Filed February 18, 1970.]

*John A. Young, John W. Donaldson, James E. Rocap, Jr.,* and of counsel, *Rocap, Reese & Young,* all of Indianapolis for appellants.

*Townsend & Townsend,* of Indianapolis, and *Parr, Richey, Obremskey & Pedersen,* of Lebanon, for appellee.

PFAFF, J.—This appeal questions the propriety of evidence admitted and an instruction given the jury in a trial in which the appellee was awarded $14,500.00 in damages for personal injuries sustained in an automobile collision with appellants' decedent, Marie Hennis.

The questioned evidence, admitted over persistent exception, related to expenses incurred by an Indiana corporation, Maria's Pizza, Inc., the capital stock of which was half owned by the appellee and half owned by her husband. Appellee's testimony established that the aforesaid corporation incurred additional expenses as a result of appellee being unable to take an active interest in the day-to-day management and operation of the corporation. Appellee's testimony also established that the corporation, due to appellee's injuries, was forced to hire extra employees and that the extra amounts the corporation paid these employees was approximately $11,000.00.

Prior to the accident in which the appellee was injured the corporation was always managed and operated exclusively by the appellee, Mary Warble. Appellants' counsel continuously and strenuously objected to the admission of evidence establishing extra expenses incurred by the corporation during the appellee's absence. The objections, in summary, contended that the additional corporate expenditures were without the issues in litigation and, further, that the corporation was not a party to the action.

The court, after the submission of all the evidence and having refused all instructions submitted by both parties,

tendered to the jury its own instructions. The instruction on damages, questioned on appeal, is as follows:

## "COURT'S FINAL INSTRUCTION NO. 9

"If you find from a fair preponderance of the evidence that the plaintiff, Mary Warble, is entitled to recover on her complaint, it will be your duty to assess her damages in such an amount as will fairly compensate her for the injuries sustained as charged in the complaint, and in arriving at this amount you may take into account the reasonable doctor fees and medical expenses she has incurred on account of the injuries sustained by her, if any, the amount of pain and suffering, her mental anguish and distress which she has already endured and may endure, if any, by reason of her said injuries; also, you may consider her impaired condition if you find it to exist and the probable duration of her life and the loss of time from her business, if any, caused by her said injuries and the extra business expense directly and reasonably incurred by her as a result of her said injuries and the dimunition [sic] in her earning capacity occasioned by such injuries, if any, and from all the evidence in the case relating to her said injuries and bearing upon her damages as proved by a fair preponderance of the evidence assess such an amount as in the judgment of the jury will compensate the plaintiff for the injuries so sustained, not to exceed $50,000.00, the amount prayed for in the complaint. Your verdict must be based on a fair preponderance of the evidence and not on guess or speculation."

Appellants' counsel's objection to this instruction was as follows:

"Objection, Mr. Young: Comes now the defendant and objects to court's final instruction number 9 for the reason that said instruction allows the jury to consider extra business expenses directly attributed to the accident when in fact the extra business expenses, if incurred at all, were incurred by the corporation. The evidence is undisputed that it was the corporation, Maria Pizza, Inc., wherein fifty percent of the stock was owned by her husband Clyde Warble and that fifty percent of the stock was owned by Mrs. Warble therefore any expenses would be to the corporation and not Mrs. Warble in her own right, this instruction in accordance with defendant's objection through-

out the trial and the continuing objection to any money expenses allegedly incurred by the corporation on behalf of the corporation and not by Mrs. Warble in her own right."

The issue on appeal, therefore, is: Was this evidence properly admitted, and was the court's instruction No. 9 proper in view of the statement therein that the extra business expenses incurred by the appellee were a proper element of damages? The appellant contends that by reason of these erroneous admissions and the improper instruction, the damages assessed were excessive and the appellant was prevented from having a fair trial.

Indiana recognizes that a corporation and its shareholders are separate entities notwithstanding the fact that one shareholder owns a majority of the stock in that corporation. *Benner-Coryell* v. *Ind. Unempl. Comp. Bd.* (1940), 218 Ind. 20, 29 N. E. 2d 776.

Indiana, however, does recognize that the cost of substitute labor is a proper element of damages in fixing a value upon the loss of time sustained by an injured individual. *Daugherty* v. *Hunt* (1941), 110 Ind. App. 264, 38 N. E. 2d 250. This decision and subsequent decisions of this jurisdiction speak only of damages and extra expenses incurred by an individual and do not involve the question of extra expense incurred by a corporation by virtue of the injury and absence of a shareholder-employee as is presented here. In short, Indiana is presently without authority on the precise question before us.

In reviewing foreign decisions which have dealt with the question of the propriety of the admission of evidence showing additional corporate expenses in a shareholder-employee's action against a third person for personal injuries, we approve of and adopt the rationale of the Fourth Circuit Court of Appeals in the case of *Terry* v. *Yancey,* 344 F. 2d 789 (E.D. Va. 1965) :

"The plaintiff has been connected with a Ford automobile agency in Martin County, Indiana, for many years. At some undisclosed time, but before any date material to this controversy, the business was incorporated under the corporate name of Laverne Terry, Incorporated. At the time of the accident in July of 1962, the plaintiff owned 57 percent of the stock in the corporation, and the remaining 43 percent was owned by a Mr. Deckert. In January of 1963, the plaintiff purchased Mr. Deckert's stock, and since that time has been the sole stockholder of the corporation. The plaintiff testified that before his injury he devoted most of his time to selling automobiles, and was responsible for about 75 percent of the sales. He claims that because of the injuries sustained in the accident, his sales ability has been impaired to the point that he can now do only about one-fourth as much selling as before the accident. As a consequence, it is contended that it was necessary to hire an additional salesman, at an expense of about $6,000.00 a year, to make the sales formerly made by the plaintiff.

"Plaintiff attempted to introduce evidence concerning his capacity to sell automobiles before and after his injury, and the compensation, in the form of a commission, paid to the substitute salesman. This evidence was excluded by the trial judge, but counsel was permitted to make a proffer of proof in the absence of the jury. On this appeal, the plaintiff states that the only question involved is whether 'the owner and top salesman of an automobile agency (is) entitled to prove the cost of hiring another salesman to do the work he did before the accident but cannot do after the accident because of the injuries.' The question, in the form stated, is misleading, however, to the extent that it indicates, either directly or by inference, that the plaintiff personally employed or paid compensation to a substitute salesman, since the record discloses that anything he did in this regard was done as an officer of the corporation, and not as an individual. A possible explanation of the inaccuracy is the apparent failure of the plaintiff to make any distinction between a corporation on the one hand and a proprietorship or partnership on the other. Time and again, both at the trial and in his brief, the plaintiff referred to the substitute salesman *he* had to employ, and to the commission *he* had to pay. A corporation is, of course, an entity separate and apart from its officers and stockholders, and where an individual creates a corporation as a means of carrying out his business purposes he may not ignore the existence of the corporation

in order to avoid its disadvantages. *Commissioner of Internal Revenue* v. *Schaefer*, 2 Cir., 240 F. 2d 381 (1957) ; *Schenley Distillers Corp.* v. *United States*, 326 U. S. 432, 66 S. Ct. 247, 90 L. Ed. 181 (1946).

"* * * If the plaintiff had been operating his business as a proprietorship, and it became necessary for him to employ additional help solely because of his injuries, such evidence undoubtedly would have been admitted. He was not, however, permitted, as was attempted, to disregard the corporate entity in order to meet a problem presented by this particular litigation.

"While the record is vague and indefinite on the point, it was stated at the time of oral arguments that plaintiff had continued to receive the same salary from the corporation since the accident as that received before his injuries. Since the plaintiff's only source of income was his salary from the corporation, and this had not been diminished, he was unable to show any direct loss of earnings. Conceivably, if a corporation should suffer a loss by reason of injury sustained by one of its stockholders, the stockholder could show, if the evidence was otherwise relevant and competent, a financial loss to himself to the extent of the reduced value of his stock. We think, however, that such evidence is incompetent for the reason, among others, that it is based on surmise, speculation and conjecture.

\* \* \*

"Extensive annotations will be found in 37 A.L.R. 2d 364, *et seq.*, dealing with the cost of hiring a substitute as an element of damages in an action by an injured person. So far as can be determined, all the cases referred to deal with businesses being operated either as a proprietorship or partnership. The same is true with respect to the cases cited by the plaintiff in his brief.

"The only case cited, or which has been found by independent research, dealing with the employment of a substitute by a corporation to perform the services of one of its injured employees, is *Krawczuk* v. *Cahoon*, 175 A. 655 (R.I., 1934). The injured plaintiff was the manager of a corporation engaged in the garage business, and devoted most of his time to selling and exchanging automobiles. He continued to draw his full salary after his injuries, but the corporation was required to employ additional help at the garage during the period the plaintiff was incapacited. The Court held that 'the amount paid as wages to these employees cannot be considered as an element of plaintiff's

damages, as these employees were not working for the plaintiff but for the corporation which employed him as manager.' This case is distinguishable only to the extent that it is not indicated whether the injured plaintiff was a stockholder, in addition to being the manager, of the corporation.

"After a careful reading of the record, and giving due consideration to the briefs and oral arguments of the parties, we hold that the trial judge properly excluded the proffered proof relating to the commissions paid the substitute salesman by Laverne Terry, Incorporated, even though all the stock in the corporation was owned by the plaintiff."

Therefore, we conclude that additional expenses incurred by a corporation by reason of a shareholder-employee's absence due to injury allegedly caused by a third person are not admissible as an element of damages in the shareholder-employee's action for personal injuries against a third person.

On February 5, 1970, after oral argument of this cause, appellee by her counsel filed a motion to dismiss this appeal or in the alternative to affirm the judgment of the trial court for the reason that appellee's counsel was not served with a copy of the appellants' reply brief. The record discloses that of the two attorneys or firms representing the appellee, only one of the two did in fact receive a copy of appellants' reply brief. The reply brief was not served upon Mr. Peter L. Obremskey, who represented appellee during oral argument. Thus, Mr. Obremskey, while not personally served, had access to the reply brief through his co-counsel. In response to appellee's motion, counsel for appellants, by verified reply, admit that Mr. Obremskey did not receive a copy of the reply brief but that to the best of their knowledge a copy of said brief was mailed to Mr. Obremskey. The court recalls that at the time of argument these facts were orally made known to this court by the attorneys present, appellee's counsel, Mr. Obremskey, and appellants' counsel Mr. John A.

Young and Mr. John W. Donaldson. Appellants' counsel at that time offered to continue the argument so as to provide Mr. Obremskey with an opportunity to examine the reply brief and reply to the same. Mr. Obremskey stated that he did not desire additional time and wished to dispose of the case on the merits during argument.

We believe that any error with respect to non-service of the reply brief is now moot, the possibility of error not having been saved. Therefore, the motion to dismiss or affirm is overruled.

For the reasons given herein, the judgment is reversed, but our reversal, by reason of the absence of any issue as to liability on appeal, and pursuant to Rule AP. 15(M), is directed solely to the question and issue of damages, and a new trial is to be had on that issue alone.

Judgment reversed. Costs to be taxed against appellee.

Hoffman, P.J., and Sharp, J., concur; White, J., not participating.

NOTE.—Reported in 255 N. E. 2d 230.