STATE of Tennessee, Appellee,

v.

Dewey HEDDEN, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 7, 1980.

James A. DeLanis, Asst. Atty. Gen., W. Edward Barnard, Asst. Dist. Atty. Gen., Nashville, for appellee.

John R. Meldorf, Chattanooga, for appellant.

OPINION

DAUGHTREY, Judge.

In this appeal we are asked to determine whether the appellant, a driver for AAA Courier Service, Inc., was properly convicted of violating T.C.A. § 65–1507, which prohibits the operation of a motor carrier as an intrastate common carrier for hire without a certificate of convenience and necessity issued by the Tennessee Public Service Commission. The appellant insists that he was not in violation of the statute because the services provided by AAA Courier on

the date in question were uncompensated, and thus were not carried out "for hire" as that term is used by T.C.A. § 65–1502(b) to define a regulated "motor carrier."[1]

■ The appellant was originally found guilty in the General Sessions Court and again on *de novo* appeal to the Criminal Court. He was fined $25.00, as authorized by T.C.A. § 65–1524. The factual record on appeal to this Court consists entirely of an agreed stipulation entered in the Criminal Court.[2] While the stipulation is only marginally adequate to permit review of this case, we find that it is legally sufficient to sustain the conviction below, under the standards required by Rule 13(e), Tennessee Rules of Appellate Procedure, and *State v. Patton*, 593 S.W.2d 913, 916–17 (Tenn.1979), citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The record before us shows that on April 19, 1979, as part of his employment with AAA Courier, Dewey Hedden picked up certain "cash letters" (cancelled checks, cancelled food stamps, itemized statements, etc.) from American National Bank and from First Tennessee Bank, both located in Chattanooga, Tennessee, and delivered them to the Federal Reserve Bank in Nashville, Tennessee. It is stipulated that Hedden himself was paid by AAA Courier for the transportation of these items, but that AAA Courier was not paid a courier fee by American National Bank for this specific delivery. However, it is also stipulated that AAA Courier was operating under a contract with First Tennessee Bank for "local" pick up and delivery in Chattanooga; no

increase in the payments under this agreement was made to cover the "local" pick up of these items prior to their transportation to Nashville on April 19.

By contractual agreement, the two banks had formerly compensated AAA Courier for its Chattanooga to Nashville deliveries, and AAA Courier had applied to the Public Service Commission for an intrastate permit to cover this service. The application was denied in November 1978. Following the Commission's action, AAA Courier ceased to receive a courier fee under its contract with the banks, but apparently continued to make deliveries between Chattanooga and Nashville for both American National and First Tennessee.

Under these circumstances, counsel for the appellant argues, the delivery on April 19 was "either on a gratis or gasoline expense only basis, the record being unclear on that point." Indeed, the record is wholly devoid of any mention of reimbursement by the banks for AAA Courier's actual expenses in making the April 19 delivery. Moreover, despite counsel's characterization of AAA Courier's activity as "gratis," we are unable to conclude that the services were not "for hire" under T.C.A. §§ 65–1502(b) and 65–1507.

The mere fact that AAA Courier did not profit from the April 19 delivery does not negate the fact that the company had a formal business arrangement with one or both of the banks involved here, and that the nature of this business was quite obviously transportation "for hire." Thus, as one court noted when faced with a similar

---

1. It is unclear from the stipulation entered in this case whether AAA Courier had previously sought and been denied a certificate of necessity and convenience under § 65–1507, as required of "motor carriers" defined in § 65–1502(b), or a permit under § 65–1510, as required of "contract haulers" defined in § 65–1502(c). The arrest warrant charged a violation of § 65–1507, and the applicability of this section has not been contested by the appellant.

2. The State maintains that the appellant waived his right to appeal by failure to comply with the requirements of Rule 24(d), Tennessee Rules of Appellate Procedure. As amended,

that rule requires notice, within 15 days after the filing of the notice of appeal, that the appellant does not intend to file either a transcript under Rule 24(b) or a statement of the evidence under Rule 24(c). No such notice was given in this case. The amendment to Rule 24, however, did not take effect until July 1, 1980, and because the appellant's notice of appeal was filed on March 12, 1980, more than 15 days before the effective date of the amendment, and his brief was filed on July 2, 1980, only one day after the effective date of the amendment, we hold that the failure to give notice under Rule 24(d) did not amount to a waiver in this instance.

question, the term "compensation" does not always "involve an element of profit ... [but] may under some circumstances involve merely reimbursement for expenses of operation." *Schenley Distillers Corp. v. United States*, 61 F.Supp. 981, 987–88 (D.Del. 1945), *aff'd* 326 U.S. 432, 66 S.Ct. 247, 90 L.Ed. 181 (1946) (plaintiff's subsidiary corporation formed for the sole purpose of distributing plaintiff's merchandise held to be a "common carrier" rather than a "private carrier" for purposes of the Interstate Commerce Act, 49 U.S.C. § 303 et seq.). Moreover, in *Brooks Transportation Co. v. United States*, 93 F.Supp. 517 (E.D.Va. 1950), the court held that the distinction between a "private carrier" not subject to ICC regulation and a "common carrier" requiring a permit under the Interstate Commerce Act, properly turns not on the existence of "compensation," but on the carrier's "primary business purpose," *i. e.* whether or not the carrier is engaged in the furtherance of a commercial enterprise. *Id.*, 93 F.Supp. at 524. *Accord, Studna v. United States*, 225 F.Supp. 973, 983–84 (W.D.Mo. 1964) (carriage for nominal compensation amounting to less than expenses held not to excuse failure to secure a permit under 49 U.S.C. § 303 et seq.).

As did the court in *Brooks Transportation Co., supra*, we caution against "attributing to the term 'compensation' a mystical significance which the term does not possess." 93 F.Supp. at 524. While the record fails to establish that AAA Courier profited directly from the April 19 delivery, it suggests by strong circumstantial evidence that the April 19 delivery was part of an overall business arrangement between the company and the banks to transport certain property "for hire." Thus we hold that AAA Courier's activity was subject to Commission regulation under Chapter 15 of Title 65 of the Code, governing intrastate motor carriers, and that the failure to secure a proper certificate or permit exposed the company and its employees to the imposition of sanctions provided therein, including the $25.00 fine assessed against Hedden under § 65–1524.

The judgment of the trial court is affirmed.

O'BRIEN and SCOTT, JJ., concur.