In re A. V. JELLEN, A professional corporation.

Misc. Crim. No. 81–10–E.

United States District Court,
N. D. West Virginia,
Elkins Division.

Aug. 24, 1981.

Stephen G. Jory, U. S. Atty., Elkins, W. Va., for Government.

John E. Gompers, Wheeling, W. Va., for defendant.

## OPINION

MAXWELL, Chief Judge.

During the course of a grand jury investigation, a subpoena duces tecum directed to the President or Authorized Representative, A. V. Jellen Professional Corporation was served upon Dr. A. V. Jellen, a physician. The subpoena required production of certain corporate financial and medical records.

Dr. Jellen, by counsel, propounded a Motion to Quash, or in the alternative, a Motion to Modify the Subpoena. The Court heard oral argument and has benefited from briefs of counsel for both parties. For the reasons stated in this opinion, an order was entered August 12, 1981, denying the motion to quash, and granting in part the motion to modify.

The prime contention of the Motion to Quash is that enforcement of the subpoena

would violate the individual's Fifth Amendment rights.

It is undisputed that Dr. Jellen is a medical physician licensed to practice in the State of West Virginia, and that he is practicing as the sole professional employee of A. V. Jellen Professional Corporation, formed pursuant to W.Va.Code § 30–3–15. The movant also indicates that he holds the entire ownership interest of the professional corporation.

■ Since the Fifth Amendment privilege against self-incrimination is a personal one, it cannot be utilized by or on behalf of a corporation. *United States v. White*, 322 U.S. 694, 699, 64 S.Ct. 1248, 1251, 88 L.Ed. 1542 (1944), *Wilson v. United States*, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911). Even when the corporation is wholly owned by one person, the Fifth Amendment is unavailable as to corporate records. *United States v. Guterma*, 272 F.2d 344, 346 (2nd Cir. 1959).

The movant asserts, however, that professional corporations—creatures of statute, as are all corporations—somehow differ from regular business corporations. Medical corporations in particular, according to Dr. Jellen, differ in that every aspect of the medical profession involves privacy and personal relationships.

The statute controlling medical corporations in West Virginia states in part, "Nothing contained in this article is meant or intended to change in any way the rights, duties, privileges, responsibilities and liabilities incident to the physician-patient or podiatrist-patient relationship." W.Va.Code § 30–3–15. Dr. Jellen urges that the peculiar character of medical corporations in West Virginia will allow him to assert the Fifth Amendment to avoid production of the records sought.

There is no reported case interpreting the West Virginia medical corporation statute's relationship to the Fifth Amendment privilege. However, the United States Court of Appeals for the Fourth Circuit has ruled that a grand jury subpoena may be directed to the sole stockholder and sole professional employee of a Maryland professional corporation for production of corporate records before a federal grand jury. *Reamer v. Beall*, 506 F.2d 1345 (4th Cir. 1974), *cert. denied*, 420 U.S. 955, 95 S.Ct. 1338, 43 L.Ed.2d 431 (1975). The court held that no Fifth Amendment privilege may be claimed by the custodian of corporate records, regardless of how small the corporation may be and notwithstanding the fact that professional corporations do not possess all of the attributes of ordinary business corporations. *Id.* at 1346. *See Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974).

Further, in *United States v. Radetsky*, 535 F.2d 556 (10th Cir.), *cert. denied*, 429 U.S. 820, 97 S.Ct. 68, 50 L.Ed.2d 81 (1976), it was held that the Fifth Amendment did not apply to records of a Colorado professional corporation organized as an independent institutional entity for the conduct of a medical clinic. The court found that records were not held by individual doctors, but were held in a representative capacity for the professional corporation. *Id.* at 569. Thus, they were not possessed as private property with Fifth Amendment protection.

The state statute controlling the professional corporation in *Reamer, supra*, has language similar to that in W.Va.Code § 30–3–15, purporting to maintain a non-corporate relationship between professional and client.[1]

■ The Court is of opinion here that the language in W.Va.Code § 30–3–15 (quoted above) does not maintain any personal, private property rights of the professional employees. Its purpose, the Court believes, is to protect the clients or patients of the professional corporation by maintaining the civil liability of corporate professional em-

---

1. Md.Corp. & Ass'ns Code Ann. § 5–120(b) reads:

   *Professional relationship and liability unchanged* This subtitle does not alter any law of the State applicable to:

   (1) The professional relationship and liabilities between a person performing the professional service and a person receiving it; or
   (2) The standards for professional conduct.

ployees. *See O'Neill v. United States,* 281 F.Supp. 359 (N.D.Ohio 1968), *aff'd,* 410 F.2d 888 (6th Cir. 1969).

Accordingly, since Dr. Jellen conducts his medical practice through a corporate organization the Fifth Amendment is not available to him. The fact that the A. V. Jellen Professional Corporation is a medical or professional corporation and has some different characteristics than a traditional business corporation is unavailing in this circumstance. Persons who create a corporation in order to enjoy the advantages flowing from its existence as a separate entity are not entitled to have the corporate entity disregarded in situations where it works to their apparent disadvantage. *See, e. g., Schenley Corp. v. United States,* 326 U.S. 432, 437, 66 S.Ct. 247, 249, 90 L.Ed. 181 (1946).

There was some discussion at oral argument of this motion as to what effect a physician-patient privilege might have on the motion to quash. Without implying that such a privilege exists in West Virginia, the Court is satisfied, on the record presented here, that the purpose of such a privilege is the protection of the patient, and it cannot be asserted by the physician. *City & County of San Francisco v. Superior Court,* 37 Cal.2d 227, 233, 231 P.2d 26, 29 (1951). 81 Am.Jur.2d *Witnesses* § 260 (1976). As no patient of the A. V. Jellen Professional Corporation has appeared to contest the release of medical records, the privilege is without moment in this matter.

For the foregoing reasons, the motion to quash is denied in accordance with an order entered August 12, 1981.