The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion regarding the Arkansas Motor Carrier Act of 1955 ("the Act"), which is codified at A.C.A. § 23-13-201 et seq. (1987 and Cum. Supp. 1993). You state that several individuals and organizations in the State have entered into arrangements with the Department of Human Services to transport Medicaid eligible persons to the site of Medicaid service providers. You state further that it is your understanding that these transportation providers are reimbursed on a mileage basis for the miles traveled in transporting the Medicaid eligible persons. Your specific question in this regard is as follows:
 Are the transportation providers described above subject to the Arkansas Motor Carrier Act of 1955 and required to be certificated or permitted under that Act?
A conclusive answer to this question requires a case-by-case determination, with reference to the particular provider in question. The stated purpose of the Motor Carrier Act is the regulation of motor carriers. See A.C.A. §§ 23-13-202 (1987),23-13-204 (1987), 23-13-207 (1987) and Dominguez v. State,290 Ark. 428, 433, 720 S.W.2d 703 (1986). "Motor carrier" is defined under the Act as including "both a common carrier by motor vehicle and a contract carrier by motor vehicle and any person performing for-hire transportation service without authority from the [Arkansas Transportation Commission]." A.C.A. §23-13-203(a)(9) (1987). A "common carrier by motor vehicle" is defined as:
 [A]ny person who or which undertakes, whether directly or indirectly, or by lease of equipment or franchise rights, or any other arrangement, to transport passengers or property or any classes of property for the general public by motor vehicle for compensation whether over regular or irregular routes. . . .
A.C.A. § 23-13-203(a)(7).
A "contract carrier by motor vehicle" means:
 [A]ny person not a common carrier included under subdivision (7) who or which, under individual contracts or agreements, and whether directly or indirectly or by lease of equipment or franchise rights or any other arrangements, transports passengers or property by motor vehicle for compensation. . . .
A.C.A. § 23-13-203(a)(8).
As noted by the Arkansas Supreme Court, the Arkansas Motor Carrier Act of 1955 and the federal Interstate Motor Carriers Act of 1935, as amended (49 U.S.C. § 301 et seq.), contain very similar definitions of the above classes of carriers. TransportCo. v. Champion Transp., Inc., 298 Ark. 178, 183-184,766 S.W.2d 16 (1989). The court in Champion stated that the above definitions "are obviously patterned after the federal statutes. . . ." Id. This perhaps explains the court's willingness to look to federal case law and Interstate Commerce Commission decisions in construing the Arkansas Act. Seegenerally Champion, supra, and ArkansasTransit Homes, Inc. v. Stone, 301 Ark. 323, 783 S.W.2d 860 (1990). Reliance upon federal authority in construing these definitions is thus warranted, and indeed necessary in light of the dearth of Arkansas cases in this area.
It seems clear from several key Interstate Commerce Commission decisions that the finding for or against a carrier-for-hire status turns upon the question of fact as to the primary business of the transporter and whether or not there was a purpose to profit from the transportation charge. See Woitishek CommonCarrier Application, 42 M.C.C. 193 (1943) and SchenleyDistillers Corporation Contract Carrier Application, 48 M.C.C. 405 (1948). The Interstate Commerce Commission has stated that transportation "for compensation" is that supplied with a purpose to profit from the transportation operation as such, rather than that supplied merely as an incident to some other primary business. Id. The Commission in Schenley Distillers Corp.
stated that "[t]o be a common or contract carrier by motor vehicle, there must be transportation `for compensation' by one so engaged as a business and with an `intent' or `purpose' to profit from the compensation." 48 M.C.C. at 409. The Commission has also noted that while compensation is an essential element in the terms "common carrier by motor vehicle" and "contract carrier by motor vehicle," it is well settled that the realization of a net profit from the transportation as such is not an absolute requirement. Leitchfield Manufacturing Co., Inc.-Investigation,
106 M.C.C. 648, 651 (1968), citing Schenley Distillers Corp.v. United States, 61 F. Supp. 981 (1945), aff'd. 326 U.S. 432
(1946).
It is my opinion that an Arkansas court would in all likelihood apply the above analysis in determining whether a particular transportation provider under the Medicaid program was, in fact, receiving "compensation" for transportation for purposes of regulation under the Arkansas Motor Carrier Act. As stated, this will require a factual determination that cannot be made in the context of an opinion from this office. A fact question may also arise regarding the applicability of any exemption under the Motor Carrier Act (A.C.A. § 23-13-206 (Cum. Supp. 1993).
While it is apparent that your question will require a case-by-case determination, the foregoing will hopefully offer general guidance in addressing the underlying issues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh