**W. J. USERY, Jr., Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**COASTAL GROWERS ASSOCIATION, a corporation, Defendant.**

**Civ. No. 75–2956–HP.**

United States District Court, C. D. California.

July 14, 1976.

---

John M. Orban, Associate Regional Sol., Jeannie J. Meyer, Atty., Office of the Sol., U. S. Dept. of Labor, Los Angeles, Cal., for plaintiff.

Leon L. Gordon, Los Angeles, Cal., for defendant.

## MEMORANDUM OF DECISION

PREGERSON, District Judge.

The Farm Labor Contractor Registration Act (herein "the Act"), 7 U.S.C. § 2041 *et seq.*, was passed by Congress in 1963 primarily to protect migrant workers from exploitation "by certain irresponsible contractors" who disseminated false information about terms, conditions, or existence of agricultural employment; operated unsafe or inadequately insured vehicles; provided unhealthy housing; or cheated on wages. *See* 7 U.S.C. §§ 2041, 2044 and 2045. To achieve the Act's remedial purposes, 7 U.S.C. § 2043 requires that all farm labor contractors register annually with the Secretary of Labor.

The Secretary brought this suit to enjoin defendant Coastal Growers Association from acting as a farm labor contractor until it obtains the certificate of registration required by § 2043. The court has jurisdiction under 7 U.S.C. § 2050a(c).

Defendant Coastal Growers Association, a non-profit agricultural cooperative organized under California Agriculture Code § 54001 *et seq.*, recruits, hires, pays, feeds, houses, furnishes, transports, and supervises agricultural workers who labor in the citrus groves of the association's 340 growers-members. To become a member of defendant association, a citrus grower must pay a membership fee of $10 and sign a membership contract. This contract requires each grower-member to pay the association for direct costs incurred in picking his fruit and pruning his trees. In addition, each member is obligated to pay his pro-rata share, based on boxes picked, of the association's overhead expenses. These overhead expenses include: wages of office personnel, costs of insurance, costs of transportation, expenses of operating farm labor camps that house 40% of defendant's workers, and money spent in purchasing trucks, buses, and real property owned by defendant.

Defendant association, acting as a middleman between the workers and citrus growers, performs the traditional activities of a farm labor contractor, yet alleges that it is not required to obtain a certificate of registration from the Secretary of Labor because the defendant is not a "farm labor contractor" as defined in 7 U.S.C. § 2042(b):

The term "farm labor contractor" means any person, who, for a fee, either for himself or on behalf of another person, recruits, solicits, hires, furnishes, or transports migrant workers . . . for interstate agricultural employment.

Defendant argues that it is not within this statutory definition because it neither performs services for a "fee" nor employs "migrant workers."

 Defendant contends that it does not perform services for a fee because, as an agricultural cooperative, it realizes no profit. There is, however, no suggestion in the Act's language that the terms "fee" and "profit" are synonymous. "Fee" is defined in 7 U.S.C. § 2042(c):

> The term "fee" includes any money or other valuable consideration paid or promised to be paid to a person for services as a farm labor contractor.

This definition merely refers to the consideration that a farm labor contractor receives for services—it does not require a profit. This conclusion is buttressed by the legislative history and the administrative interpretation of the Act. The Act was opposed because it would, as Congress intended, regulate the activities of growers' associations, such as defendant:

> [T]his legislation covers any association which hires workers for employment by their own members, a common practice of growers' associations.

S.Rep.No.202, 88th Cong., 2d Sess. U.S. Code Cong. & Admin.News 1964, p. 3705 (1964) (Minority Views).

Likewise, the regulations promulgated by the Secretary of Labor recognize the applicability of the Act to agricultural cooperatives, such as defendant:

> Generally, the Act will not exclude any farmer's cooperative performing any of the farm labor contracting activities in behalf of its members . . . .

29 C.F.R. §. 41.17(a) (1975).[1]

 Since defendant is not excluded from the provisions of the Act, the court, then, must determine from the evidence presented by stipulation whether defendant receives a "fee" from its members.

> The facts and circumstances of each individual case will be considered in deter-

mining whether any valuable consideration paid or promised to be paid constitutes a "fee" within the meaning of the Act.

29 C.F.R. § 41.5 (1975).

The facts of this case show that defendant association receives from its members money for wages paid to agricultural employees hired to work in the citrus groves. In addition, defendant receives from its members a $10 non-refundable membership fee. Defendant also receives from its members payments for their pro-rata share of the association's overhead expenses incurred, in part, to buy valuable assets such as trucks, buses, and real property owned by the association. Considering the totality of circumstances presented in this case, defendant clearly receives a "fee," i. e., "money or other valuable consideration" from its members for performing services as a farm labor contractor.

 Defendant also contends that it is not a farm labor contractor within the meaning of the Act because it does not employ migrant workers. "Migrant worker" is defined in 7 U.S.C. § 2042(g):

> The term "migrant worker" means an individual whose primary employment is in agriculture, as defined in section 203(f) of Title 29, or who performs agricultural labor, as defined in section 3121(g) of Title 26, on a seasonal or other temporary basis.

It is undisputed that defendant's employees perform agricultural labor. The court construes the term "migrant worker" to include all persons whose principal or main occupation is in agriculture and all persons who perform agricultural labor on a seasonal or temporary basis. See 29 C.F.R. § 41.-13. This broad construction comports with the Act's humanitarian purpose to protect all those hired by middlemen to toil in our nation's fields, vineyards, and orchards. On the evidence presented by stipulation, it appears that all of defendant's agricultural

---

1. This and the other regulations, issued by the Secretary of Labor pursuant to 7 U.S.C. § 2053, are entitled to great weight in determining the proper construction of the Act. See Traffi-

cante v. Metropolitan Life Insurance Co., 409 U.S. 205, 210, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972).

laborers are migrant workers as defined by 7 U.S.C. § 2042(g) and entitled to the Act's protection.

Since defendant performs services for a fee and since it employs migrant workers, the court concludes that defendant Coastal Growers Association is a farm labor contractor within the meaning of 7 U.S.C. § 2042(b) and has violated 7 U.S.C. § 2043(a) by failing to obtain a certificate of registration from the Secretary of Labor.

IT IS THEREFORE ORDERED that defendant Coastal Growers Association is enjoined from carrying on activities as a farm labor contractor until such time as defendant obtains a certificate of registration from the Secretary of Labor.

This Memorandum of Decision shall constitute the court's findings of fact and conclusions of law in accordance with Fed.R. Civ.P. 52.