598 F.2d 521
 86 Lab.Cas. P 33,809
 Ray MARSHALL, Secretary of Labor, U. S. Department of Labor,
Plaintiff-Appellee,
v.
COASTAL GROWERS ASSOCIATION, a corporation, Defendant-Appellant.
Ray MARSHALL, Secretary of Labor, Plaintiff-Appellee,
v.
MATILIJA GROWERS ASSOCIATION, a corporation, Defendant-Appellant.
Ray MARSHALL, Secretary of Labor, Plaintiff-Appellee,
v.
S & F GROWERS, a corporation, Defendant-Appellant.
EL COMITE DE CAMPESINOS DE S P GROWERS et al., Plaintiffs-Appellees,
v.
S P GROWERS ASSOCIATION et al., Defendants-Appellants.
Ray MARSHALL, Secretary of Labor, Plaintiff-Intervenor-Appellee,
v.
S P GROWERS ASSOCIATION et al., Defendants-Appellants.
 Nos. 76-3052, 76-3053, 76-3054 and 76-3117.
 United States Court of Appeals,
Ninth Circuit.
 June 11, 1979.
 
 1
 Donald E. Warner, Jr., Tuttle & Taylor, A. James Roberts, III, (argued), Los Angeles, Cal., on brief for defendants-appellants.
 
 
 2
 Eric R. Schwartz, Stephen A. Harvey, Willow Creek, Cal., William S. Finger, on brief; Burton D. Fretz, Ray A. Padilla, Washington, D. C., for plaintiffs-appellees.
 
 
 3
 Appeal from the United States District Court for the Central District of California.
 
 
 4
 Before MERRILL and HUG, Circuit Judges, and BOHANON,* District Judge.
 
 BOHANON, District Judge:
 
 5
 At issue are certain district court decisions determining appellants to be "farm labor contractors" within the meaning of the Farm Labor Contractor Registration Act (hereinafter "the Act") 7 U.S.C. § 2041 et seq. Four cases have been consolidated for appeal purposes, all involving organizations which have never obtained certificates of registration under the Act.
 
 
 6
 Appellants' organizational structures and business operations are substantially identical. Appellants all are organized under the California nonprofit cooperative association law and by statutory definition are "not organized to make profit for themselves, as such, or for their members, as such, but only for their members as producers" of agricultural products. (California Food and Agricultural Code § 54033). They also possess contractual duties to operate at cost and to assess only actual expenses to their members.
 
 
 7
 Association membership is limited to producers of agricultural products, who employ the association's services. The associations recruit and hire workers for their members' orchards, primarily pruning and picking citrus products. They transport workers to members' fields, house some workers, and pay, supervise and control their employees' work. They also hire and fire.
 
 
 8
 The term "farm labor contractor" is defined in the Act to mean:
 
 
 9
 " . . . any person, who, for a fee, either for himself or on behalf of another person, recruits, solicits, hires, furnishes, or transports migrant workers (excluding members of his immediate family) for agricultural employment . . . (excluding, inter alia,)
 
 
 10
 (1) any nonprofit charitable organization, public or nonprofit private educational institution, or similar organization; (or)
 
 
 11
 (2) any farmer, processor, canner, ginner, packing shed operator, or nurseryman who personally engages in any such activity for the purpose of supplying migrant workers solely for his own operation;" 7 U.S.C. § 2042(b)
 
 
 12
 At issue is whether appellants avoid the statutory definition because they: (1) do not perform "for a fee" within the meaning of the Act, or (2) do not engage "migrant workers" within the meaning of the Act, or (3) are a "similar organization" to a "nonprofit charitable organization," or a "public or nonprofit private educational institution," or (4) supply workers solely for their own operations.
 
 1.
 
 13
 Appellants urge that they do not offer their services "for a fee" because they are nonprofit cooperative associations owned and operated at cost by their grower-members, and as such are merely extensions of their members.
 
 
 14
 The terms "fee" and "profit" are not equivalent. If they were, the Act's fee requirement would necessarily exclude all nonprofit organizations and render meaningless the Act's exclusion of only certain types of nonprofit entities. "The term 'fee' includes any money or other valuable consideration paid or promised to be paid to a person for services as a farm labor contractor." 7 U.S.C. § 2042(c).
 
 
 15
 The fact that appellants do not record a "profit," per se, at year's end does not imply that they are not thriving business concerns. Many successful corporations are deliberately structured to never incur a "profit" as such, where their prime movers are compensated with substantial salaries and debt service payments, recorded as "costs" for accounting purposes.
 
 
 16
 Appellants also invoke 29 C.F.R. § 41.5 on their behalf, which provides, in part: "Where two or more persons share expenses in a common venture, money or other valuable consideration received by one from the other for this purpose would not be considered a fee." Assuming that appellants could be aptly characterized as common ventures within the regulation's meaning, we are concerned herein with payments received directly by the appellants rather than by their members "one from the other."
 
 
 17
 Appellants do receive "fees" for their services within the meaning of the Act.
 
 2.
 
 18
 Appellants contend that their employees are not "migrant workers" because they are not employed on a temporary or seasonal basis.
 
 
 19
 "The term 'migrant worker' means an individual whose primary employment is in agriculture, . . . or who performs agricultural labor . . . on a seasonal or other temporary basis." 7 U.S.C. § 2042(g). This definition is obviously a term of art, having no reference to workers with migratory tendencies. Originally defined in the Fair Labor Standards Act, it referred to a class exempted from that Act's coverage, and its broad definition was supported by the agricultural industry. The apparent intent of the Act herein is to cover those excluded from the Fair Labor Standards Act. Hearings on H.R. 14254 before the Subcommittee on Agricultural Labor of the House Committee on Education and Labor, 94th Congress, 2nd Session at p. 123 (1976).
 
 
 20
 We affirm the district court's definition of "migrant workers" as including, for purposes of the Act, both those "whose primary employment is in agriculture" and those who perform agricultural labor "on a seasonal or other temporary basis." See Usery v. Coastal Growers Assn., 418 F.Supp. 99 at 101 (C.D.Calif.1976). See also 29 C.F.R. § 41.13. Appellants employ "migrant workers" as defined in the Act.
 
 3.
 
 21
 The Act excludes from the term "farm labor contractor" " . . . any nonprofit charitable organization, public or nonprofit private educational institution, or similar organization; . . . " 7 U.S.C. § 2042(b)(1). Appellants seek exclusion as "similar organizations" due to their nonprofit nature.
 
 
 22
 Exclusion of all nonprofit organizations could readily have been written into the Act. An exemption for nonprofit cooperative associations is contained in the California Labor Code (California Labor Code, Section 1682.5), the statute apparently utilized as a prototype for the Act herein; such exemption was not incorporated, however, into federal law. The phrase "similar organizations" would seem to contemplate groups whose organizational purposes are of such a benevolent or public nature as to minimize any risk that they might exploit those the Act seeks to protect. Appellants are not so structured.
 
 4.
 
 23
 Appellants also invoke that exemption relating to "any farmer, processor, canner, ginner, packing shed operator, or nurseryman who personally engages in any such activity of supplying migrant workers solely for his own operation . . .." 7 U.S.C. § 2042(b)(2). The appellations contained in this exemption possess no reasonable application to appellants.
 
 
 24
 This exclusion refers to farmers who recruit labor solely for their own farms. The associations herein do not engage in, or manage, either the production or marketing of their members' citrus crop. They are service organizations, clearly distinct and separate both in fact and law from their farmer members. Those who have created a corporation as an advantageous means of serving their business interests cannot then disregard that corporate entity in order to avoid statutory obligations formulated for the public's protection. Schenley Distillers Corp. v. United States, 326 U.S. 432 at 437, 66 S.Ct. 247, 90 L.Ed. 181 (1946).
 
 
 25
 The Farm Labor Contractor Registration Act is remedial and should be broadly construed. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Tcherepnin v. Knight, 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967); Brennan v. Keyser, 507 F.2d 472 (9th Cir. 1974). Appellants fall within the Act's general definition of "farm labor contractor" and are unaffected by all exemptions therefrom. The district court judgments are AFFIRMED.
 
 
 
 *
 Honorable Luther Bohanon, Senior United States District Judge, Northern, Eastern and Western Districts of Oklahoma, sitting by designation