Raymond J. DONOVAN *, Secretary of Labor, United States Department of Labor, Plaintiff/Appellant,

v.

HERINGER RANCHES, INC., a corporation, Lester S. Heringer, and Marcial Fernandez, Defendants/Appellees.

No. 79–4377.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1981.

Decided July 17, 1981.

---

* Ray Marshall, in his official capacity, was the original plaintiff and appellant in this case. The current Secretary of Labor has been substituted pursuant to Fed.R.App.P. 43(c)(1).

Paul E. Myerson, Washington, D. C., for plaintiff-appellant.

Samuel D. Hinkle, IV, San Francisco, Cal., for defendants-appellees.

Before SNEED and SCHROEDER, Circuit Judges, and SOLOMON **, District Judge.

SCHROEDER, Circuit Judge:

■ This is an action by the Secretary of Labor to enjoin alleged violations of the Farm Labor Contractor Registration Act of 1963, 7 U.S.C. §§ 2041 *et seq.* The issue is whether two full-time employees of a family farming corporation who hire seasonal labor as part of their duties for the corporation, are required to be registered as farm labor contractors.

The district court in an opinion reported at 466 F.Supp. 285 granted summary judgment for the defendants and held that the individuals were exempt on several theories. It held, first, that since the corporation itself was exempt under 7 U.S.C. § 2042(b)(2) its employees should automatically be exempt; second, that one of the employees was exempt by virtue of his part ownership of the corporation; and third, that the employees were engaged in farm labor contracting solely for Heringer Ranches "on no more than an incidental basis" within the meaning of 7 U.S.C. § 2042(b)(3). We hold that the individuals were exempt for the third reason and therefore affirm.

The undisputed facts are that Heringer Ranches, Inc. is owned by four brothers and is engaged in growing and harvesting fruits and vegetables. One of the brothers, defendant Lester Heringer, is the president of the corporation and manages the farm. Defendant Marcial Fernandez is a foreman and supervises the farm operation. The record reflects that Heringer spends no more than five percent of his time in activities covered by the Act and Fernandez no more than ten percent.

In 1963, Congress passed the Farm Labor Contractor Registration Act in order to regulate "certain irresponsible contractors for the services of the migrant agricultural laborers who exploit producers of agricultural products, migrant agricultural laborers, and the public generally ..." 7 U.S.C. § 2041(a). In 1974, the coverage of the Act was expanded and the penalties for violations increased. It now requires farm labor contractors to disclose working conditions to migrants and to comply with safety and health requirements with respect to transportation and housing.

■ The Act is intended to regulate independent "middlemen" who are in a position to exploit both operators and workers. This Circuit has held that the Act covers incorporated growers' associations, *Marshall v. Coastal Growers Ass'n.*, 598 F.2d 521 (9th Cir. 1979), as well as other corporations and associations who hire workers, but not solely for their own operations. *Compare Marshall v. Silver Creek Packing Co.*, 615 F.2d 848 (9th Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 544, 66 L.Ed.2d 300 (1980) with *Marshall v. Green Goddess Avocado Corp.*, 615 F.2d 851 (9th Cir. 1980).

However, the Act does not apply to:
(1) any nonprofit charitable organization, public or nonprofit educational institution, or similar organization;
(2) any farmer, processor, canner, ginner, packing shed operator, or nurseryman who personally engages in any such activity for the purpose of supplying migrant workers solely for his own operation;

** Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

**1154**

(3) any full-time or regular employee of any entity referred to in (1) or (2) above who engages in any such activity solely for his employer on no more than an incidental basis.

7 U.S.C. § 2042. Because the Fair Labor Contractor Registration Act is a remedial statute, these exemptions are to be narrowly construed. *Marshall v. Coastal Growers Assn., supra* at 526. A party claiming exemption from such legislation must demonstrate that its activities are "plainly and unmistakably within [the] terms and spirit" of the exemption. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960); *Marshall v. Green Goddess Avocado Corp., supra* at 857.

■ The parties agree that Heringer Ranches, Inc. as a corporation, is exempt from the Act because it employs migrant workers solely for its own operation. 7 U.S.C. § 2042(b)(2). However, the district court held that, because the corporation itself was exempt under subparagraph (2), any employees of the corporation should also automatically be exempted from registration. This is contrary to the language of subparagraph (3), which exempts only "full-time or regular" employees who engage in farm labor activities "solely" for an exempt employer on an "incidental basis." The reason behind that limitation was touched upon in our decision in *Marshall v. Green Goddess Avocado Corp.*, 615 F.2d 851 (9th Cir. 1980), decided after the district court opinion in this case. The policy of the Act would be thwarted if exempt corporations could "shelter" contractors by putting them on the payroll. *Id.* at 855. The district court's suggestion that Heringer is automatically exempt as a shareholder or officer of the corporation is also contrary to the language and purpose of the statute since it would allow similar "sheltering."

The dispositive issue is, therefore, whether these individuals meet the requirements of subparagraph (3). The parties agree that Heringer and Fernandez worked solely for Heringer Ranches, which is exempt under subparagraph (2). The record without contradiction supports the district court's finding that their involvement in farm labor contracting activities was incidental to their regular duties. Applying the standards set forth in *Usery v. Golden Gem Growers, Inc.*, 417 F.Supp. 857 (M.D.Fla. 1976), the district court found that Heringer and Fernandez spent no more than ten percent of their time employing migrant workers, that their duties with regard to the migrants were minor in comparison with their other job responsibilities, and that neither man was crucial to the activities of hiring and transporting or furnishing migrants because many other farm employees also engaged in such activities as incidental portions of their own jobs. Thus the district court correctly ruled that the requirements of subparagraph (3) were met. The government has not made any showing of a material issue of fact which would require further evidentiary proceedings.

Affirmed.