**Ray MARSHALL, Secretary of Labor, United States Department of Labor**

v.

**Felix MARRERO.**

Civ. A. No. 80–1010.

United States District Court, E. D. Pennsylvania.

March 31, 1982.
As Amended May 19, 1982.

Marshall H. Harris, Regional Sol., U. S. Dept. of Labor, Philadelphia, Pa., for plaintiff.

Joseph E. DeSantis, Reading, Pa., for defendant.

## MEMORANDUM OPINION

CAHN, District Judge.

Before the Court is an action brought by the Secretary of Labor pursuant to the Farm Labor Contractor Registration Act of 1963, as amended, 7 U.S.C. § 2041 *et seq.* (hereinafter the Act or "FLCRA") seeking a judicial determination that the defendant is subject to the provisions of the Act. Jurisdiction over the subject matter of this proceeding is conferred upon the court by Section 12(c) of the Act, 7 U.S.C. § 2050a(c).

■ At issue is whether or not the defendant is a Fair Labor Contractor within the meaning of 7 U.S.C. § 2042(b) of the Act. Under the Act a Fair Labor Contractor is one who (1) recruits, solicits, hires, furnishes or transports, (2) for a fee, (3) migrant workers, (4) for agricultural employment. There is no dispute concerning items (1) and (2). The resolution of the controversy depends on the definitions of "migrant workers" and "agricultural employment" as they are applied to the particular facts of this case.

These particular facts are set forth in a "Stipulation of Facts" which was agreed upon by the parties. The Stipulation of Facts is quoted in its entirety and is adopted and approved as the factual findings in this proceeding.

## I. "STIPULATION OF FACTS"

1. This action arises under the Farm Labor Contractor Registration Act of 1963, as amended 7 U.S.C. § 2041 et seq. (hereafter the "Act" or "FLCRA").

2. Plaintiff is the Secretary of Labor, United States Department of Labor, who is authorized by Section 12(c) of the Act, 7 U.S.C. § 2050a(c), to seek injunctive relief to remedy violations of the Act.

3. Defendant Felix Marrero is an individual who resides at 185 Edgewood Avenue, Temple, Berks County, Pennsylvania, within the jurisdiction of this Court.

4. Defendant Marrero, in partnership with Dario Sepulveda and trading and doing business as Green Grass Conveyor Service, engaged at all times relevant to this action in the performing of certain services for mushroom growers in Berks County, Pennsylvania. The services performed by Mr. Marrero are more completely described below.

5. Defendant Marrero is engaged in the removal of used compost from mushroom house beds. In performing this function he employs employees as more fully described in proposed finding number 6 below.

Mushrooms are grown in compost, a soil like substance produced from a mixture of horse manure, gypsum, chicken manure, corn cobs and other chemical additives. Mushrooms are grown in mushroom houses called "doubles" on racks arranged in layers from floor to ceiling, each rack covered with a bed of compost.

Mr. Marrero's business is to "take out" the used compost from the compost bed after the mushroom harvest has been completed. After Mr. Marrero and his employees remove the used compost from the mushroom bed, they dispose of the spent compost away from the premises of the mushroom growers.

6. The removal of the spent compost from the mushroom growing houses is accomplished by the use of electrically operated portable conveyor belts which convey the spent compost into waiting trucks. The trucks then remove the spent compost to a disposal site. Employees that Mr. Marrero has hired shovel the compost from the mushroom house beds onto the conveyor belts, operate the conveyor belts which convey the used compost into the trucks, and drive the trucks. The entire "take out" operation is performed by a crew of men that varies in size, the average being 6.

7. All of the employees of the Defendant, Felix Marrero, are domiciled and reside in the area of employment and do not move from place to place seeking employment.

8. The services rendered by the Defendant are performed throughout the entire year (12 months of the year) and the employees, if they desire, have steady full employment.

9. The Defendant does not provide transportation for the employees but said employees find their own transportation to or from the job.

10. The Defendant is not an employee of any of the mushroom growers to whom he renders services, but is an independent contractor employing his own employees to perform the services described above.

11. Defendant, Marrero, renders the service to the mushroom growers on a contract basis, for which he receives a fixed sum. Out of the sum received, he pays his em-

ployees. He has no employees other than those whose services are required in the "take-out" business.

12. All the employees employed by the Defendant in rendering the "take-out" services described above are the separate employees of Defendant, Felix Marrero, and are not the employees of the mushroom growers.

13. The services rendered by Defendant to a mushroom grower occur only one time per growing crop of mushrooms and the average grower has two such crops per year. There are those who may have three crops per year.

14. Defendant, Marrero, has never obtained a certificate of Registration from the Secretary of Labor under Section 5(a) of the FLCRA.

15. Defendant, Marrero, does not withhold Federal income tax from the wages of his employees, although he does withhold Social Security payroll tax monies (F.I.C. A.).

## II. DISCUSSION

After a review of the language and legislative history of the statute as well as its interpretation by the courts, I find that the defendant is a Farm Labor Contractor and is thus subject to the provisions of the Act. Like my former colleague, The Honorable Edward R. Becker, in *Kaolin Mushroom Farms, Inc. v. United States of America*, No. 77–4379, bench op. (E.D.Pa. Sept. 21, 1979), I find some discomfiture with the result, but I believe that my decision is the only one compatible with the words of the statute and with prior judicial interpretations. Although I have found this case much less malodorous than that of Judge Becker's, (his case was tried in an "aromatic setting" by conducting a view at the location of the compost pile) I have reached the conclusion that defendant's activities bring him within the definition of a farm labor contractor who, for a fee, hired migrant workers for agricultural employment.

The Farm Labor Contractor Registration Act is remedial legislation. As such, it should be liberally construed. *See Peyton v. Rowe*, 391 U.S. 54, 65, 88 S.Ct. 1549, 1555, 20 L.Ed.2d 426 (1968). With that direction in mind, I consider the definitions of "migrant workers" and "agricultural employment".

As stated in *Marshall v. Coastal Growers Ass'n*, 598 F.2d 521, 524 (9th Cir. 1979), "[M]igrant worker" means an individual whose primary employment is in agricultural, . . . or who performs agricultural labor . . . on a seasonal or other temporary basis.

The court went on to hold in that case (p. 524), "We affirm the district court's definition of 'migrant workers' as including, for purposes of the Act, both those 'whose primary employment is in agriculture' and those who perform agricultural labor 'on a seasonal or other temporary basis'. *See Usery v. Coastal Growers Assn.*, 418 F.Supp. 99 at 101 (C.D.Calif.1976)." In *Usery v. Coastal Growers Ass'n*, 418 F.Supp. 99, 101 (C.D.Cal.1976), the court held:

> The court construes the term 'migrant worker' to include all persons whose principal or main occupation is in agriculture *and* all persons who perform agricultural labor on a seasonal or temporary basis. *See* 29 C.F.R. § 41.13. This broad construction comports with the Act's humanitarian purpose to protect all those hired by middlemen to toil in our nation's fields, vineyards, and orchards. (Emphasis supplied).

As set forth in *Marshall v. Buntings' Nurseries of Selbyville*, 459 F.Supp. 92 (D.Md. 1978), at page 95:

> Thus, the court in *Coastal Growers* found that the definition of migrant worker did not require a finding that the workers were engaged on a seasonal or temporary basis, as long as their principal occupation was in agriculture.

As further declared in *Marshall v. Coastal Growers Ass'n, supra*, at page 524, "[t]his definition [of migrant worker] is obviously a term of art, having no reference to work-

ers with migratory tendencies." Definitions placed in the statute by Congress and interpretations of them by the courts are reminiscent of the semantical philosophy of Humpty Dumpty.[1] Nevertheless, the definition of "migrant worker" in the Congressional Act, 7 U.S.C. § 2042(g), must be followed in interpreting the effect of the Act on the defendant in this case.

A lengthy discussion of the proposed 1980 congressional amendments to the FLCRA (the Boren Amendment) is found in a recent note in the Texas Law Review. *See* footnotes 77 and 78 of this note for the details of the Boren Amendments and the procedures followed in their presentation to Congress. R. Fischer, *A Defense of the Farm Labor Contractor Registration Act,* 59 Texas L.Rev. 531, 556, 557 (1981).

The Boren Amendments would have changed the definition of "migrant worker" to encompass only those persons who cannot regularly return to their domiciles after working hours or who are transported from and to their domiciles each workday by a farm labor contractor. Such amendments would also have eliminated those workers who come under the protection of the Act by virtue of their "primary employment" in agriculture.[2] The rejection of these proposed amendments can only reinforce the accepted definition of migrant workers as expressed in the prior paragraphs of this Opinion.

In the instant case, from the Stipulation of Facts, it is apparent that the employees of the defendant are employed throughout the entire year, and the employees, if they desire, have steady and full employment. In addition, all of the employees of the defendant are domiciled and reside in the area of employment and do not move from place to place seeking employment. Therefore, from the terms of this Stipulation, I find that the persons employed by the defendant have a principal or a main occupation in a work they perform for the defendant and are not to be considered labor on a seasonal or temporary basis. Consequently, as a result of this finding, it is important then to determine whether or not the work that the employees of the defendant perform is in agriculture. If it is found that such labor is in agriculture, then these workers are migrant workers under the disjunctive definition of the Act in 7 U.S.C. § 2042(g) which includes workers primarily employed in agriculture *or* workers who perform agricultural labor on a seasonal basis. *See* footnote 2.

There is little doubt after reviewing the briefs of both parties and hearing oral argument, that there is no real dispute that the planting, the growing, and the harvesting of mushrooms is agricultural in nature.

1. L. Carroll, *Through the Looking Glass and What Alice Found There,* Chapter VI, page 124 (Avenel Books, New York):

"I don't know what you mean by 'glory' ", Alice said.

Humpty Dumpty smiled contemptuously. "Of course you don't—till I tell you. I meant 'there's a nice knock-down argument for you.' "

"But 'glory' doesn't mean 'a nice knock-down argument,' " Alice objected.

"When *I* use a word," Humpty Dumpty said in rather a scornful tone, "it means just what I choose it to mean—neither more nor less."

"The question is," said Alice, "whether you can make words mean so many different things."

"The question is," said Humpty Dumpty, "which is to be master—that's all."

2. Footnote 78 of the cited Texas Law Review note reads in part as follows:

78. The existing law, together with the proposed Amendments, reads in part as follows (existing law the Amendments would omit is bracketed, new material the Amendments would add is italicized): ...

(g) The term "migrant worker" means an individual [whose primary employment is in agriculture, as defined in section 203(f) of Title 29, or who performs agricultural labor, as defined in section 3121(g) of Title 26, on a seasonal or other temporary basis] *engaged on a farm or ranch, on a seasonal or other temporary basis, in agricultural employment as defined in section 3(d) of this Act, who cannot regularly return to his or her domicile each day after working hours, or who is transported from and to his or her domicile each workday by the person who recruits, solicits, hires, or furnishes such worker for agricultural employment on a farm or ranch owned or operated by another person.*

The dispute centers around the activity concerning the removal of the spent compost by the defendant. The Secretary argues that such activity on the part of the defendant is sufficiently connected with agricultural activities to fall within the meaning of Section 3(f) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., 203(f).[3] I conclude that the activities of the defendant and his employees are incident to the farming operations required in the production of mushrooms, and are, therefore, an agricultural activity.

My colleagues on the bench have labored with somewhat similar situations in interpreting the agricultural nature of this work as it involves activities concerning the compost materials. I realize that both Judge Huyett in *Marshall v. Klee*, No. 80–66, bench op. (E.D.Pa. Sept. 23, 1980), and Judge Becker in *Kaolin Mushroom Farms, Inc. v. United States of America*, No. 77–4379, bench op. (E.D.Pa. Sept. 21, 1979), were dealing with cases in which the employees were *filling in* the compost. In the case before me, the employees were *removing* the spent compost. Nevertheless, I find that the analogy is close enough to convince me that such activity by the defendant in the present case makes him subject to the provisions of the Act.

The defendant compares the service rendered by his employees to the mushroom grower as being no different from the services rendered by an electrical contractor or a plumbing contractor who would perform services on the growing houses. I find this analogy difficult to follow and prefer to conclude that the removal of the compost is an operation performed on a farm which is incidental to or in conjunction with the various farming operations needed to continue the mushroom agricultural business. The removal of such compost is a necessary operation in order to prepare for the "taking in" of new compost for the further cultivation, growing, and harvesting of the agricultural product.

### III. CONCLUSION

For all these reasons, the court will enter a permanent injunction enjoining and restraining defendant and all other persons in active concert or participation with him from violating the provisions of the Act aforesaid. Costs will also be awarded in favor of the government.

### ORDER

AND NOW, this 31st day of March, 1982, it is ORDERED:

1. That defendant, his agents, servants, employees and all persons acting or claiming to act in his behalf and interest are hereby enjoined from engaging in activities as a farm labor contractor without first obtaining a certificate of registration from the Secretary of Labor as required by Section 4(a) of the Farm Labor Contractor Registration Act, 7 U.S.C. Section 2043(a), and that certificate must be in full force and effect and in defendant's immediate possession at all times.

2. That defendant shall not fail to ascertain and disclose to each worker recruited by him in a language in which the worker is fluent, written in a matter understandable to said workers, the information required in Section 6(b) of the Act. 7 U.S.C. § 2045(b).

3. That defendant shall not, contrary to Section 6(c) of the Act, fail to post in a conspicuous place a written statement of the terms and conditions of employment. 7 U.S.C. § 2045(c).

---

**3.** 29 U.S.C. § 203(f):

"Agriculture" includes farming in all its branches and among other things includes the cultivation and tillage of the soil, dairying, the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities (including commodities defined as agricultural commodities in section 15(g) of the Agricultural Marketing Act, as amended, the raising of livestock, bees, fur-bearing animals or poultry, and any practices (including any forestry or lumbering operations) performed by a farmer or on a farm as incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market.

4. That defendant shall not, contrary to Section 6(e) of the Act, fail to provide to the person or persons to whom any migrant worker is furnished all information and records required to be kept pursuant to Section 6(e), as well as all information required to be provided to any migrant worker pursuant to Section 6(e). 7 U.S.C. § 2045(e).

IT IS FURTHER ORDERED that plaintiff's costs shall be assessed against the defendant.