**In re TITO CASTRO CONSTRUCTION, INC., Terrazos Ponceños, Inc. Naranjo Marble Industries, Inc., F. Parachini Sucrs., Inc. Copamarina Beach Resorts, Inc. Canteras Castro, Inc., Debtors.**

Bankruptcy Nos. B–79–00389–A, B–79–00387–A, B–79–00388–A, and B–79–00390–A to B–79–00392–A.

United States Bankruptcy Court,
D. Puerto Rico.

Feb. 27, 1981.

---

Feldsein, Gelpi, Hernandez, Castillo, San Juan, P.R., for F.D.I.C.

C. Cuprill Hernandez, San Juan, P.R., for debtor.

## ORDER

ANTONIO I. HERNANDEZ–RODRI-GUEZ, Bankruptcy Judge.

On November 6, 1980 the Federal Deposit Insurance Corp. (F.D.I.C.) acting in its corporate capacity filed a motion to consolidate the above cases. The movant is a creditor of Tito Castro Construction Inc., in part secured and in part unsecured. They requested therein that this court order the substantive consolidation of the assets and liabilities of the separate estates, claiming that the latter five are affiliates of the first as this term is defined in Bankruptcy Rule 901.

On November 12, 1980 debtors filed an opposition to motion to consolidate the above cases. Debtor documented his motion extensively alleging that in this case consolidation did not proceed.

On December 16, 1980 the Walworth Corporation a creditor of F. Parachini Sucrs. Inc., filed an Opposition to Consolidation. They claimed that in the event of a substantial consolidation, the rights of the unsecured creditors of F. Parachini Sucrs. Inc., would be adversely affected, to the benefit of the creditors of Tito Castro Construction, Inc., and those of Canteras Castro Inc. They claimed that consolidation of parent and subsidiaries is the exception and not the rule and should be proceeded with only when the inter-relationship between the corporations in question is hopelessly obscured.

On January 21, 1981 the major creditor of Copamarina Beach Resorts, the Government Development Bank for Puerto Rico filed an objection to the motion for consolidation. They alleged that if the assets of the six corporations herein were consolidated pursuant to Rule 117, the rights of the creditor herein would be adversely affected. Moreover should consolidation be approved, new plans of reorganization would have to be circulated, causing proceedings to take more time, which in turn would cause substantial accumulation of interest on those secured claims subject to earn interest.

A hearing was held on January 14, 1981 and continued on January 30, 1981. Movant called upon Attorney-C.P.A. Gabriel Hernández Rivera to testify and submitted eight exhibits. These exhibits constituted a study made by the witness summarizing the inter-relationships existing between the various corporations herein. The information for these exhibits had been obtained by Mr. Hernández exclusively from the schedules, statement of affairs and financial statements submitted by the six corporations together with their individual petitions in bankruptcy before this Court.

After hearing oral arguments and studying the motions and other documents sub-

mitted, the Court feels that not sufficient evidence was presented to convince us that the cases in question should be substantially consolidated.

The major purpose in a substantive consolidation is "to pool assets and liabilities and to eliminate inter-entity claims. Creditors of the separate entities become creditors of the consolidated entity, with the result that substantial rights of parties and interests may be impaired" [Levy, Chaunsey H., "Joint Administration and Consolidation", *Commercial Law Journal* 538 (December, 1980)]. Any party in interest may request that the Bankruptcy Court effectuate a consolidation.

A substantive consolidation enables the Court to disregard separate corporate entities, to pierce their corporate veils in order to reach assets for the satisfaction of debts of related corporations. Yet in *In re Beck Industries Inc.,* 2 Cir., 479 F.2d 410, the Court warns that the "corporate veil cannot be disregarded merely because it would make for efficient and economical administration of debtor's estate".

■■■ The burden of proof to move the Court to order consolidation is on the applicant. Said applicant must prove the necessity of piercing the corporate veil and case law tells us:

> "While corporate entities may be disregarded where they are made the implement for avoiding a clear legislative purpose, they will not be disregarded where those in control have deliberately adopted the corporate form in order to secure its advantages." *Sheneley Distillers v. U.S.,* 326 U.S. 432, 66 S.Ct. 247, 90 L.Ed. 181.

Case law advises us that to grant consolidation the applicant has had to prove that the entities in question had no independent operations, having operated as a common enterprise, closely affiliated, that the entities concerned were mere instrumentalities or agents, departments or alter-egos of one another. In other cases consolidation has been authorized upon the finding of extensive commingling of assets and functions. And finally in *Chemical Bank of New York Trust v. Kheel,* 2 Cir., 369 F.2d 845 the Court set forth an additional criterion for consolidation that is present when the true nature of the inter-company relationships was so obscured that an effort to unscramble intercompany accounts would entail great expenditure of time and expense without assurance that an accurate reflection of those inter-relationships would be possible.

Movant herein failed to convince us that any of these reasons for consolidation existed in this case. There was no evidence to prove that the entities herein were not independent operations.

Nor were we made to see such extensive commingling of assets and functions. As in the case of *Matter of Gulfco Inv. Inc.,* 10 Cir., 593 F.2d 921 "Although inter-company transactions were complex, the record does not indicate that the assets of the entities were hopelessly commingled." Moreover the accounts of each company were presented in such a way that we cannot say that to "unscramble intercompany accounts would require great expenditure of time and expense" (*Chemical Bank of New York Trust,* supra). Movant did not offer sufficient evidence to indicate that adequate accounting books were not kept, and said applicant himself presented the Court with an analysis of the intercompany transactions as prepared by his witness, attorney Gabriel Hernandez. During his testimony he was able to explain what transactions had taken place between the companies herein involved, relying simply on the material submitted by debtors to the Bankruptcy Court.

The movant did not provide us either with any evidence of weight as to possible fraud or injustice, for as stated in *Matter of Gulfco Inv. Co. Inc.,* supra., 928 "It is, of course, proper to disregard a separate legal entity when such action is necessary to avoid fraud or injustice."

Consequently we adhere to the Second Circuit's decision in *In re Matter of Flora Mir Candy Corp.,* 432 F.2d 1060 when they state, referring to consolidation "while the term has a disarmingly innocent sound, consolidation in Bankruptcy .. is no mere instrument of procedural convenience .. but

a measure vitally affecting substantial rights." In *In re Continental Vending Machine Co.*, 2 Cir., 517 F.2d 997 it was further stressed that the power to consolidate should be:

"(U)sed sparingly, because of the possibility of unfair treatment of creditors who have dealt solely with the (companies) having a surplus as opposed to those who have dealt with the related entities with deficiencies."

Thereby we ascertain that the moving party has not presented sufficient evidence to convince this Court that we should pierce the corporate veils of the corporations herein and order the substantive consolidation of said corporations.

Whereby motion to consolidate is denied.

IT IS SO ORDERED.