In re Kenneth E. TUREAUD, a/k/a Kenneth E. Tureaud d/b/a Saket Petroleum Company, a/k/a Kenneth E. Tureaud d/b/a Kesat, a/k/a Saket Petroleum Company, a/k/a Kenneth E. Tureaud d/b/a Saket Development Corporation, d/b/a Linda Vista Corporation, d/b/a Saket Development Corporation, a New Mexico Corporation a/k/a Deer Park, Inc., d/b/a Saket Realty, Inc., d/b/a Southern Lakes Development Corporation, d/b/a River Ridge Development Corporation, Debtors.

WALTER E. HELLER & CO.,
Appellant,

v.

R. Dobie LANGENKAMP, Appellee.

No. 85–C–51–C.

United States District Court,
N.D. Oklahoma.

Jan. 14, 1986.

Craig Blackstock, Tulsa, Okl., Dean M. Gandy and Mark A. Weisbart of Akin, Gump, Strauss, Hauer & Field, Dallas, Tex. for Heller.

Gary M. McDonald, Leonard I. Pataki, Carol R. Goforth of Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, Okl. for trustee.

## ORDER

H. DALE COOK, Chief Judge.

Now before the Court for its consideration is the appeal of Walter E. Heller & Company, Southeast, Inc. (Appellant) from the Order Substantively Consolidating Estates entered by the United States Bankruptcy Court for the Northern District of Oklahoma on January 10, 1985, 45 BR 658.

This bankruptcy proceeding began with the filing of an involuntary petition on October 15, 1982, against Kenneth E. Tureaud (Debtor). Subsequently, the proceeding was converted into one under Chapter 11 of the Bankruptcy Code. On November 12, 1982, R. Dobie Langenkamp (hereinafter referred to as "Trustee" or "Appellee") was appointed Trustee to administer the estate. On June 7, 1983, the Trustee filed an Application for Order of Substantive Consolidation, alleging (1) that various non-debtor entities (Affiliates) had such a relationship with the Debtor that they constituted a single economic unit controlled and funded by the Debtor; (2) that consolidation of the Affiliates was essential to preserve estate assets, recover substantial transfers, and effect a plan of reorganization; (3) that the Affiliates were established to hinder, delay and defraud creditors; (4) that consolidation was equitable and in the best interests of all creditors and of the Affiliates.

On November 15, 1984, Appellant filed an objection to the Trustee's application as regarding Linda Vista Corporation, Southern Lakes Development Corporation, and River Ridge Development Corporation, stating that the three entities were indebted to Appellant in amounts of approximately $2.5 million, $4 million, and $5.5 million, respectively. The Appellant's objection alleged possible detriment if consolidation were ordered and demanded strict proof of Trustee's allegations.

Hearings were held by the Bankruptcy Court on the Trustee's Application on No-

vember 30 and December 3, 1984. On January 4, 1985, the Court announced from the bench its decision to grant the Trustee's Application. On January 10, 1985, the Court filed its Order Substantively Consolidating Estates, now reported as *In re Tureaud,* 45 B.R. 658 (Bankr.N.D.Okla.1985). It is from this Order that the Appellant has timely perfected its appeal.

■ As an initial issue, the parties dispute the proper standard of review which this Court should employ. The Appellee contends that while the Bankruptcy Court's conclusions of law are subject to de novo review, the Bankruptcy Court's findings of fact are to be accepted unless clearly erroneous. The Appellee cites Bankruptcy Rule 8013 for the latter proposition. In opposition, the Appellant urges this Court to review both the findings of fact and the conclusions of law on a de novo basis. Although both parties have referred in their briefs to *In re Reid,* 757 F.2d 230 (10th Cir.1985), neither party has addressed footnote five therein, *Id.* at 233–34 n. 5, where the United States Court of Appeals for the Tenth Circuit discussed the distinction under the Bankruptcy Amendments and Federal Judgeship Act of 1984 between core and non-core proceedings, 28 U.S.C. § 157. This discussion is relevant to the Appellant's position that consolidation is a non-core proceeding, 'and consequently is subject to de novo review. It is correct that both factual findings and legal conclusions in a non-core proceeding are reviewed de novo. *See In re Production Steel, Inc.,* 48 B.R. 841, 844 (Bankr.M.D.Tenn.1985). However, this Court finds no authority for the proposition that consolidation is a non-core proceeding, nor any indication in the record that the matter was raised below. Pursuant to 28 U.S.C. § 157(b)(3), it is the responsibility of the bankruptcy judge to determine if a proceeding is core or non-core. The judge below expressly determined that it was a core proceeding. (Transcript of January 4, 1985 at 16, LL. 21–22). Moreover, a final order was entered, rather than a submission made to this Court of proposed findings of fact and conclusions of law, as required in a non-

core proceeding. 28 U.S.C. § 157(c)(1). There is no indication that the Appellant raised the issue on motion or objection to the Bankruptcy Court. This Court is not required to consider an issue newly raised on appeal. *See Grundy v. United States,* 728 F.2d 484, 488 (10th Cir.1984). In any event, this Court concludes that a consolidation may be characterized as a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O) which provides in pertinent part that core proceedings include, but are not limited to "other proceedings affecting the liquidation of the assets of the estate...." Consequently, the Bankruptcy Court's Order regarding this core proceeding shall be reviewed under the clearly erroneous standard as to findings of fact and the de novo standard as to conclusions of law.

As for the substantive issue of whether consolidation of the Affiliates with the Debtor was proper, both parties have discussed at length *Fish v. East,* 114 F.2d 177 (10th Cir.1940), and *Matter of Gulfco Investment Corp.,* 593 F.2d 921 (10th Cir. 1979), the two decisions by the United States Court of Appeals for the Tenth Circuit cited by the Bankruptcy Court in its Order. 45 Bankr. at 662. Review of the record below and consideration of relevant authority impresses the Court with the accuracy of one treatise's conclusion that "substantive consolidation cases are to a great degree *sui generis*". 5 *Collier on Bankruptcy,* ¶ 1100.06 at 1100–33 (15th ed. 1984) (footnote omitted). This is to be expected, for the source of the Bankruptcy Court's power to order consolidation is the grant of equitable powers in 11 U.S.C. § 105(a). Clearly, there is no formulaic resolution, although the courts in *Fish* and *Gulfco,* and other courts addressing the issue, have tended to list relevant factors without ranking their importance. *See also, e.g., In re Tito Castro Construction, Inc.,* 14 B.R. 569, 571 (Bankr.D.Puerto Rico 1981) *and In re Vecco Construction Industries, Inc.,* 4 B.R. 407, 410 (Bankr.E.D. Va.1980). Other courts have stated that the factors approach ultimately resolves

into a balancing test, and that to order consolidation "the benefits of consolidation must outweigh the harm it would cause to creditors". *In re DRW Property Co. 82,* 54 B.R. 489, 494 (Bankr.N.D.Tex.1985). Whatever enumerated factors are discussed, they "should be evaluated within the larger context of balancing the prejudice from the proposed order of consolidation with the prejudice movant alleges it suffers from debtor's separateness". *Id.* at 495. The major thrust of Appellant's argument is that one factor listed in *Fish, supra,* that the Affiliate was created for the purpose of defrauding or hindering creditors, is the critical factor, and that the Bankruptcy Court was presented insufficient evidence to justify that conclusion. The Appellee responds that *Fish* and *Gulfco* demonstrate that a "totality of the circumstances" test is to be used, a balancing of factors on a case-by-case basis. It should, however, be noted that the Appellee also places great emphasis on one factor, the impossibility of a proper accounting due to confused or incomplete records.

The only instance when the United States Supreme Court addressed the issue of substantive consolidation, *Sampsell v. Imperial Paper Corp.,* 313 U.S. 215, 61 S.Ct. 904, 85 L.Ed. 1293, *reh'g denied,* 313 U.S. 600, 61 S.Ct. 1107, 85 L.Ed. 1552 (1941), involved an individual bankrupt (or "debtor," under the present Act) and a non-debtor corporation, as in the case at bar. Most of the Supreme Court's discussion is not relevant here, because in *Sampsell* no appeal was taken from the order of the bankruptcy referee that the property of the corporation was property of the bankruptcy estate. The Supreme Court expressed no doubt that the Bankruptcy Court had the power to order consolidation. It is true that the referee in *Sampsell* found that the corporation "was formed for the purpose of hindering, delaying and defrauding [the debtor's] creditors". *Id.* at 217, 61 S.Ct. at 906. However, as discussed *infra,* nowhere in *Sampsell* or in any case known to this Court is a finding of fraudulent formation

a *sine qua non* for substantive consolidation, as the Appellant appears to urge.

The Court in *Fish* listed ten relevant factors in the determination of whether a subsidiary is an instrumentality. 114 F.2d at 191. They are:

(1) The parent corporation owns all or majority of the capital stock of the subsidiary. (2) The parent and subsidiary corporations have common directors or officers. (3) The parent corporation finances the subsidiary. (4) The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation. (5) The subsidiary has grossly inadequate capital. (6) The parent corporation pays the salaries or expenses or losses of the subsidiary. (7) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation. (8) In the papers of the parent corporation, and in the statements of its officers, "the subsidiary" is referred to as such or as a department or division. (9) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation. (10) The formal legal requirements of the subsidiary as a separate and independent corporation are not observed.

The list is repeated in *Gulfco,* 593 F.2d at 928–29, and again in the Order under review. 45 B.R. at 662. In ordering consolidation, the Bankruptcy Court concluded that "the majority of the factors identified in *Fish v. East* are present in the instant case". 45 B.R. at 663. This constitutes a sufficient rationale for such a discretionary decision under the Bankruptcy Court's general equity powers, if the factual findings of the Court survive the review of this Court on appeal. Since, as discussed *supra,* this Court has concluded that the clearly erroneous standard is the proper one to review the Bankruptcy Court's findings of fact, these findings will stand unless the record as a whole leaves the reviewing court with a "definite and firm conviction that a mistake has been commit-

ted". *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). In reviewing the transcripts of the hearings of November 30, 1984 and December 3, 1984, this Court notes the thoroughness with which the fact-finding process was conducted. The Bankruptcy Court permitted full direct examination and cross-examination of all witnesses either party wished to present. Moreover, the Bankruptcy Court conducted its own examination of witnesses. Finally, the Bankruptcy Court did not rule immediately upon conclusion of the hearing, but only after permitting both parties to submit proposed findings of fact and conclusions of law. Considering the evidence itself, both in the form of testimony and exhibits, while this Court does not in every instance agree with the Bankruptcy Court's appraisal as to the clarity and force of the evidence, this Court cannot say that any of the Bankruptcy Court's findings were clearly erroneous.

Although the list of ten factors has established itself as highly important in the Tenth Circuit, it has not been treated as an exclusive list. The court in *Gulfco* referred to the "strong factual difference", distinguishing that case from *Fish*, that the *Gulfco* corporations were not organized fraudulently. 593 F.2d at 929. The *Gulfco* court goes on to discuss accounting difficulties, but determined that they were not "insurmountable". *Id.* at 929–30. This Court does not believe that the court in *Gulfco* intended to mandate a factor of fraudulent organization, as distinguished from fraudulent use of a sham corporation or fraudulent transfer of assets to such a corporation in order to hinder, delay or defraud creditors. *Cf. Maule Industries v. Gerstel*, 232 F.2d 294, 297 (5th Cir.1956) (proof of fraudulent organization *or* use is sufficient). There was evidence presented to the Bankruptcy Court of fraudulent transfers (Transcript of December 3, 1984 at 19 L. 14 through 21 L. 20) and the Bankruptcy Court's finding of fact in this regard is not clearly erroneous. There was also evidence presented of accounting difficulties (Transcript of November 30, 1984 at

82 LL. 7–11 and 89 LL. 4–13) and of inadequate or nonexistent records (Transcript of November 30, 1984 at 83 L.25 through 88 L.5; 79 LL. 7–11; 82 LL. 10–11; 86 L.13; 89 LL. 11–13). This evidence was uncontradicted and, while testimonial, this Court is required by Bankruptcy Rule 8013 to give due regard "to the opportunity of the Bankruptcy Court to judge the credibility of the witnesses". Again we cannot say that the Bankruptcy Court was clearly erroneous in concluding that "[i]t is impossible to accurately trace all transfers of funds and to untangle and unravel the affairs of the Affiliates and Tureaud". 45 B.R. at 661.

In summarizing its conclusions, the court in *Gulfco* referred to none of the individual factors, but simply stated that "consolidation is not to be used to defeat the security of secured creditors or to reduce a secured creditor to the status of an unsecured creditor". 593 F.2d at 930. The Bankruptcy Court here expressly noted that it had balanced the prejudice caused by consolidation against the prejudice of continued separation, and that all security interests would be preserved. 45 B.R. at 663. A witness for the Appellant testified that he did not believe that the Appellant would be injured by consolidation. (Transcript of November 30, 1984 at 129 LL. 10–20). Under the evidence presented, the Bankruptcy Court's decision to consolidate was within its power, and should be affirmed.

As a final issue of appeal, the Appellant objects to the Bankruptcy Court's selection of June 7, 1983 as the effective date of consolidation. The Appellant argues that the proper date is October 15, 1982, the date the involuntary bankruptcy petition was filed. The Appellant cites *United States v. Marxen*, 307 U.S. 200, 207, 59 S.Ct. 811, 815, 83 L.Ed. 1222 (1939) for the proposition that the substantive rights of a creditor against a bankrupt are fixed as of the filing of the petition. The Appellee counters with a Supreme Court case of its own, *Bank of Marin v. England*, 385 U.S. 99, 103, 87 S.Ct. 274, 277–78, 17 L.Ed.2d 197 (1966), and emphasizes the

essentially equitable nature of the bankruptcy courts. No case known to the Court contains a discussion of this precise issue. However, in view of the fact that non-debtor entities were brought into the bankruptcy proceeding, the Bankruptcy Court is not rigidly fixed to the date the petition was filed against the individual debtor as the effective date of consolidation. The Bankruptcy Court's decision, when operating under its equitable powers, did not in this instance constitute an abuse of discretion.

Accordingly, it is the Order of the Court that the appeal from the Bankruptcy Court is hereby denied. The Order of the Bankruptcy Court filed January 10, 1985 is hereby affirmed in all respects.