**In re K–TEL INTERNATIONAL, INC., a Minnesota corporation, Candlelite Marketing, Inc., a Minnesota corporation, Commonwealth Advertising, Inc., a Minnesota corporation, K–Tel Entertainment, Inc., a Minnesota corporation.**

**Bankruptcy Nos. 3–84–1863 to 3–84–1865 and 3–84–1989.**

United States Bankruptcy Court, D. Minnesota.

Sept. 29, 1986.

---

Rosanne H. Wirth, Minneapolis, Mn., for debtor.

Christopher A. Elliott, St. Paul, Mn., for Travelers Indem. Co.

---

**9.** See also Footnote 3. A rejection motion should not be granted if the primary beneficiary is the debtor's shareholder.

ORDER RE: DEBTOR'S OBJECTION TO CLAIM OF TRAVELERS INDEMNITY COMPANY (SET X, CLAIMS 60 AND 532)

JOHN J. CONNELLY, Chief Judge.

This Chapter 11 case came on before the undersigned United States Bankruptcy Judge on September 3, 1986, upon the objection of Debtor K-tel International, Inc. (hereinafter "K-tel") to claims filed by Travelers Indemnity Company (hereinafter "Travelers").

These proceedings arise out of the Chapter 11 cases of K-tel and of Candlelite Marketing, Inc. (hereinafter "Candlelite"), which filed Chapter 11 petitions in this Court on October 5, 1984. On August 27, 1985, this Court entered an Order substantively consolidating the cases of these two Debtors, as well as the two other above-named entities.

Travelers' claims arise out of a "General Agreement of Indemnity" executed by Travelers, Candlelite, and K-tel on July 6, 1982. The parties entered the indemnification agreement preliminary to Travelers' execution of bonds on behalf of Candlelite in favor of the Attorney-General of the State of Florida and the People of the State of New York. (Candlelite was required under state statute to obtain such bonds to carry on planned sweepstakes marketing activities in those states.) As a result of Candlelite's failure to satisfy all of its obligations in the sweepstakes covered under the bonds, Travelers has become obligated to pay a sum which the parties now stipulate to be $97,000.00. Both K-tel and Travelers executed the indemnification agreement, though that document does not by its terms establish primary and contingent liability to Travelers as between the two Debtors. Candlelite is the only named principal in the two bonds executed by Travelers. The parties agree that K-tel's execution of the indemnification agreement can be legally characterized as a guaranty of Candlelite's obligation to Travelers.

K-tel's confirmed Plan of Reorganization in substance entitles general unsecured creditors such as Travelers to a 10% dividend on their allowed claims. Prior to confirmation and prior to consolidation, Travelers filed two identical claims, one in the K-tel case and one in the Candlelite case. It argues that the Court should allow two claims on its behalf, one as a "direct claim" as against Candlelite in the amount of $97,-000.00, and one as a "contingent claim" as against K-tel in the amount of $97,000.00 less any distribution it receives on account of the Candlelite claim. Debtor argues that the substantive consolidation of these cases eliminated K-tel's guaranty of Candlelite's debt, effectively merging the two claims into one claim against the consolidated estates and merged Debtors.[1]

While both parties' arguments are facially compelling, the Court concludes that Debtors' argument more closely comports with the intent and spirit of the Court's consolidation Order, as well as general equitable principles in bankruptcy. In ordering substantive consolidation of these four Debtors' cases, the Court noted that it " ... believe[d] that the requirements for substantive consolidation are satisfied and that the motion of the debtors for an order consolidating the separate proceedings into a single proceeding, *merging the assets and liabilities*, is hereby granted". Order of August 27, 1985, at 2 (emphasis added). In so ordering, the Court recognized that Debtors bore and had met a substantial burden to demonstrate grounds for the disregard of the four Debtors' separate corporate existences. The Court did not take this action lightly, recognizing that consolidation had the potential of drastically affecting substantive rights and impairing interests. *See In re Tito Castro Construction, Inc.*, 14 B.R. 569, 571 (Bankr.D.P.R. 1981). As a result of that Order and the post-confirmation merger effected under state law, there is now only one reconstituted Debtor—K-tel International, Inc. Under the plain language of the consolida-

---

1. During the consummation of their confirmed Plan, K-tel and Candlelite formally merged under the Minnesota Business Corporation Act, MINN.STAT. c. 302A.

tion Order, all liabilities of the four pre-confirmation Debtors were merged, as were their assets. The logical extension of this holding is that Candlelite's "direct liability" to Travelers and K-tel's "contingent liability" were merged into one indivisible claim.

The issue joined here apparently has not been litigated to judgment or order elsewhere, at least not in a reported opinion. However, this Court's conclusion is the same as that reached by the Tenth Circuit in *dicta* in *In re Gulfco Investment Corp.*, 593 F.2d 921 (10th Cir.1979):

> In the event that a creditor has claims against a number of debtor corporations growing out of the same transaction, it is entitled to receive only one satisfaction. If the debtor corporations are treated as separate entities and a creditor remains unsatisfied, the creditor is entitled to have any guarantees considered as claims. Once the consolidation has been ordered the subject guarantees, which represent multiple claims, are necessarily eliminated. Therefore, an unsecured creditor has only one claim per transaction to be satisfied from the pooled resources.[2]

The fact that the Minnesota Business Corporation Act may dictate a contrary conclusion in a non-bankruptcy setting—see MINN.STAT. § 302A.641(2)(d)(e)—does not change this conclusion. True, in confirming Debtor's reorganization Plan the Court ordered the two corporate Debtors involved here to merge under *procedures* in compliance with Minnesota statute. However, the effect of that merger upon pre-confirmation debt structures is governed by the terms of the Plan, and the effect under bankruptcy law of this Court's consolidation Order. These factors necessarily override conflicting state law.

THEREFORE, IT IS HEREBY ORDERED that Claim No. 532, as filed in the

case of K-tel International, Inc., and Claim No. 60, as filed in the case of Candlelite Marketing, Inc., are allowed as one consolidated claim in the amount of $97,000.00 against the remaining Debtor K-tel International, Inc., and the balance, if any, of those claims are disallowed.

---

**2.** In the only post-Code pronouncement which this Court has been able to find, a Bankruptcy Judge disagreed. *See In re Tureaud*, 45 B.R. 658, 661 (Bankr.N.D.Okla.1985). The *Tureaud* Court's conclusion that substantive consolidation does not eliminate guarantees by one Debtor to pay for the debts of another Debtor is also

only *dicta*. This Court believes that the Tenth Circuit's conclusions in *Gulfco Investment Corp.* are more in accord with the substantive goals of bankruptcy relief, and adopts them. The lack of published case authority on this issue is curious.